[No. 13822–7–I.   Division One.   September 9, 1985.]

CHARLES BENSON, *Appellant*, v. BELLEVUE SCHOOL
DISTRICT NO. 405, *Respondent*.

*Thomas, Whittington, Anderson & Bergan* and *Patrick B. Anderson,* for appellant.

*Roberts & Shefelman* and *Paul L. Ahern, Jr.,* for respondent.

*Jerry L. Painter* on behalf of Washington Education Association, amicus curiae.

CORBETT, C.J.—Charles Benson appeals the superior court judgment upholding his demotion from principal to classroom teacher. Bellevue School District No. 405 cross–

appeals Benson's award of back wages and attorney's fees. We affirm in part and reverse in part.

In January 1982, Benson was the principal of Spiritridge Elementary School. On January 6, Chuck Hutchins, a school custodian, reported to Benson that a sixth–grade girl claimed to have had sexual intercourse with another school custodian 2 days before. Benson expressed his disbelief and asked to talk to the child, but Hutchins said that she would not talk to anyone but himself. Hutchins offered to take the child to Planned Parenthood for counseling. Benson thought that would be a good idea. Benson made no report to the police or Children's Protective Services as is required by District policy. It is undisputed that Benson was aware of the policy and had participated in a workshop dealing with the prompt reporting of child abuse. Benson did try to telephone George DeBell, the District's director of security, but Benson left the school before reaching him in order to attend a Rotary Club luncheon.

The next day, Benson tried again to call DeBell. He also phoned Ralph Root, who coordinated custodial services for the District, to replace the accused custodian. It was Root who reported the incident to Joseph Watson, the District's director of administration. Watson summoned Benson to a meeting to discuss the matter.

Subsequent meetings between Benson and Watson occurred on January 11, 15, and 18. The latter two meetings were also attended by Alden Clark, who was the District's northeast area superintendent and Benson's immediate supervisor. At each of the meetings, the adequacy of Benson's performance in handling the matter was discussed. Benson was given an opportunity to review Clark's notes and draft report and to correct any factual inaccuracies, as well as to comment upon Clark's findings. Thereafter, Clark reported in writing to Dennis Carmichael, Superintendent of Schools, with a recommendation that Benson be suspended from his position as principal. Benson reviewed the information in the report and Clark's recommendation and was given an opportunity to respond.

On January 19, Benson met with Carmichael, who formally notified him in writing that he would be suspended, with pay, effective immediately. On January 21, after further investigation, Carmichael delivered a letter to Benson informing him that Carmichael had found probable cause to demote Benson from principal to teacher. The letter was captioned "Notice of Determination of Probable Cause for Adverse Change in Contract Status, Through Demotion to Position of Non–Administrative Certificated Employee, Pursuant to RCW 28A.58.450, RCW 28A.58.455, RCW 28A.67.065 and Bellevue Personnel Policy No. 5440." This letter also informed Benson of the reasons for the decision and that the change of status would be effective at the close of school the next day. The letter advised Benson that he could request a hearing to determine whether there was sufficient cause for the adverse change in his contract status. On January 25, Benson's contract was adjusted to reflect the demotion, and on January 29 he requested a hearing.

The hearing was held before a hearing examiner on March 22, 23, and 24, 1982, after which the examiner determined that there was sufficient cause to remove Benson from his position as principal. The hearing examiner found that Benson failed to respond to the report of sexual abuse with immediate attention to the welfare and best interests of the child, that he failed to adequately investigate and report the incident as required by school policy, and that he failed to timely contact the child's parents which was a failure of his responsibility as a principal. He also found that prior to the report of the alleged rape, Benson had observed the same child in the company of the custodians after school hours, that he made one inquiry about what she was doing there and took no further action. This response was also inadequate. The hearing examiner concluded that Benson's responses to incidents of an unpleasant nature lacked a reasonable degree of action, direction, or aggressiveness required for the protection of the children over whom he had strict responsibility.

The hearing examiner ordered Benson's demotion to classroom teacher to be effective April 18, 1982, the date of the examiner's decision. The examiner ordered the District to pay the salary Benson lost from the time of his actual demotion to the time of the examiner's decision, because the District had not followed the statutory procedure which requires the opportunity for a hearing prior to any adverse action.

Benson appealed the examiner's decision to superior court. On January 10, 1983, the court entered findings of fact, conclusions of law and order of judgment. The court, after reviewing the entire record, concluded that the hearing examiner's decision regarding sufficient cause was neither clearly erroneous nor arbitrary and capricious. The court concluded that Benson should not be reinstated, but because there had been no pretermination hearing, Benson was entitled to back pay from the time of demotion through the duration of his contract, July 31, 1982, plus attorney's fees with respect to the issues upon which he prevailed.

Benson first assigns error to the court's failure to reinstate him as principal. He argues that RCW 28A.58.450 requires a hearing before any final decision is made and because he did not receive such a hearing, his demotion was wrongful and the proper remedy is reinstatement to his former position.

█ RCW 28A.58.450 requires a pretermination hearing before a principal is adversely affected in his contract status. The statute provides in part:

> In the event it is determined that there is probable cause . . . for a teacher, principal, supervisor, superintendent, or other certificated employee . . . to be discharged or otherwise adversely affected in his or her contract status, such employee shall be notified in writing of that decision, which notification shall specify the probable cause or causes for such action. . . . Every such employee so notified, at his or her request made in writing . . . shall be granted opportunity for a hearing pursuant to RCW 28A.58.455 to determine whether or not there is sufficient cause or causes for his or her discharge

or other adverse action against his contract status.

In the event any such notice or opportunity for hearing is not timely given, . . . such employee shall not be discharged or otherwise adversely affected in his contract status for the causes stated in the original notice for the duration of his or her contract.

RCW 28A.58.450. Benson should have been notified and given the opportunity for a hearing before the final decision was made. Under this statute, an employee cannot be notified of the discharge as a fait accompli but must first be afforded an opportunity to be heard. *Martin v. Dayton Sch. Dist. 2,* 85 Wn.2d 411, 412, 536 P.2d 169 (1975), *cert. denied,* 424 U.S. 912 (1976); *Noe v. Edmonds Sch. Dist. 15,* 83 Wn.2d 97, 104, 515 P.2d 977 (1973); *Foster v. Carson Sch. Dist. 301,* 63 Wn.2d 29, 31, 385 P.2d 367 (1963); *see Myking v. Bethel Sch. Dist. 403,* 21 Wn. App. 68, 72, 584 P.2d 413 (1978).

The District argues that this prior hearing requirement was removed when RCW 28A.58.450 was amended in 1976 (Laws of 1975, 2d Ex. Sess., ch. 114, § 2). The amendments, however, left unchanged the notice and hearing requirements of the statute as well as the portions concerning the effect of failure to follow these requirements. The changes made in the statute only concerned the procedure to be employed in conducting the hearing.[1] In its memorandum decision, the Superior Court found that the 1976 amendments did not affect the essential language of the statute and that the Legislature intended to retain the former safeguards ensuring due process. This result is clearly supported by the language of the statute.

The District also argues that the language of RCW 28A-.58.455 indicates that there is no right to a hearing prior to demotion. The statute provides in part:

(7) The hearing officer shall preside at any hearing and in connection therewith shall:

. . .

(c) Within ten days following the conclusion of the

---

[1] RCW 28A.58.455 now contains the procedural requirements.

hearing transmit in writing to the board and to the employee, findings of fact and conclusions of law and final decision. If the final decision is in favor of the employee, the employee shall be restored to his or her employment position and shall be awarded reasonable attorneys' fees.

RCW 28A.58.455(7)(c). The phrase "the employee shall be restored to his or her employment position" does not necessarily mean, as the District contends, that a final decision has been made before the hearing. A more reasonable interpretation, and one in harmony with the cases requiring a pretermination hearing, is that the employee is to be reinstated from his or her interim status, *e.g.*, suspension.

While it is clear that the correct procedure for demoting Benson was not followed, the statutory remedy for the District's error is not clear. Both the hearing examiner and the Superior Court refused to reinstate Benson, but the court did order damages in the amount of the wage differential between classroom teacher and principal for the remainder of the contract year.

We compare RCW 28A.58.450 with RCW 28A.67.070, the statute pertaining to nonrenewal. The latter provides that if there is probable cause for nonrenewal of the employment contract, the employee shall be notified in writing on or before the May 15 preceding the commencement of the next ensuing term. The cause or causes must be specified, and the employee may request a hearing within 10 days to determine whether sufficient cause exists for nonrenewal. If these procedures are not followed, the employee "shall be conclusively presumed to have been reemployed by the district for the next ensuing term". RCW 28A.67.070. The similarities between the statutes are apparent.

In interpreting RCW 28A.67.070, the court has held that if the superior court determined a teacher's contract was wrongfully nonrenewed, the court had the duty to order reinstatement. If cause for discharge or nonrenewal continued to exist, the school board could commence proceedings again. *Van Horn v. Highline Sch. Dist. 401,* 17 Wn. App.

170, 176, 562 P.2d 641 (1977). In the present case, the Superior Court concluded that "[e]very technical and practical requirement of RCW 28A.67.070 has been met". The court interpreted the language of the nonrenewal provision together with RCW 28A.58.450 "as making it possible for the employer to cause the adverse affect [*sic*] to take place precisely at the end of the contract, provided the requirements of RCW 28A.67.070 have been fully complied with".

█ Benson's demotion was ineffective because the District did not comply with RCW 28A.58.450. He was entitled to reinstatement. Neither the hearing examiner nor the trial court had the discretion to do otherwise than to reinstate him. *See Clark v. Central Kitsap Sch. Dist. 401*, 38 Wn. App. 560, 564, 686 P.2d 514 (1984); *Van Horn*, at 176.

While it was error to deny reinstatement, the issue became moot for the trial court because Benson's contract as principal was not renewed. To reinstate Benson as principal would make little sense since at the time of the trial court's decision Benson had no contract to serve in that capacity. The court's award of back pay was therefore the correct remedy.[2]

Indeed, contrary to Benson's contention that his contract was automatically renewed because its termination was invalid, we determine that the trial court did not err in deciding that the District had met the requirements of RCW 28A.67.070. The notice of probable cause set out the intended change in the contract status. Benson was notified prior to May 15 that he was to be demoted, he was aware that the District did not intend to renew his contract as principal, and he received a full and fair hearing which also occurred prior to May 15. This procedure certainly amounts

---

[2]Our disposition on statutory grounds of the reinstatement and hearing requirement issues makes a constitutional analysis unnecessary. Further, it has been generally found that there is no constitutional right to public employment in Washington. *E.g., Williams v. Seattle Sch. Dist. 1*, 97 Wn.2d 215, 222, 643 P.2d 426 (1982); *Meyers v. Newport Consol. Joint Sch. Dist. 56–415*, 31 Wn. App. 145, 150, 639 P.2d 853 (1982). *But cf. Punton v. Seattle Pub. Safety Comm'n*, 32 Wn. App. 959, 964, 650 P.2d 1138 (1982).

to a notification of nonrenewal.

Benson contends that the notification of nonrenewal was not valid because it was part of the invalid termination procedure. RCW 28A.67.070 seeks to ensure that the employee has knowledge of his or her employer's intent not to renew the contract and has knowledge of the cause or causes for the nonrenewal. The requirements of RCW 28A.67.070 have been met. The invalid termination procedure does not negate that Benson was notified of his contract nonrenewal and of the reasons therefor. Thus, unlike *Van Horn*, the nonrenewal of the contract was valid.

█ Benson next argues that RCW 28A.67.065(2) afforded him as a principal the opportunity for a probationary period within which to correct the deficiencies in his performance. This is a statutory right given to teachers, not principals.[3]

> [T]he newly enacted RCW 28A.67.065 does not per se require a probationary period for principals. The probationary procedures appear to be specifically limited to certificated classroom teachers and certificated support personnel.

*Hyde v. Wellpinit Sch. Dist. 49*, 26 Wn. App. 282, 286–87, 611 P.2d 1388 (1980). Benson's claim for a probationary period is without merit.

---

[3]RCW 28A.67.065(2) provides in relevant part:

Every board of directors shall establish evaluative criteria and procedures for all superintendents, principals, and other administrators. It shall be the responsibility of the district superintendent or his or her designee to evaluate all administrators. Such evaluation shall be based on the administrative position job description.

Under this section of the statute, there is no provision for a probationary period, while under RCW 28A.67.065(1), which applies to certificated classroom teachers and certificated support personnel, there is such a provision. RCW 28A.67.065(1) provides in relevant part:

Every employee whose work is judged unsatisfactory based on district evaluation criteria shall be notified in writing of stated specific areas of deficiencies along with a suggested specific and reasonable program for improvement on or before February 1st of each year. A probationary period shall be established beginning on or before February 1st and ending no later than May 1st. The purpose of the probationary period is to give the employee opportunity to demonstrate improvements in his or her areas of deficiency.

Benson next assigns error to the hearing examiner's decision that there was sufficient cause for adverse action against his contract status and the Superior Court's conclusion that the hearing examiner's decision was not clearly erroneous.

██ RCW 28A.58.480(1)–(6), which governs superior court review of the administrative hearing, is identical to RCW 34.04.130(6)(a)–(f) of the administrative procedure act. *Pryse v. Yakima Sch. Dist. 7,* 30 Wn. App. 16, 21, 632 P.2d 60 (1981). The scope of review of an administrative decision is on the record of the hearing examiner and not that of the superior court. *Stastny v. Board of Trustees of Cent. Wash. Univ.,* 32 Wn. App. 239, 245, 647 P.2d 496 (1982), *cert. denied,* 460 U.S. 1071 (1983) (quoting *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 324–25, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983)).

██ Sufficient cause, though not statutorily defined, has been interpreted to mean a showing of conduct which materially and substantially affects the employee's performance. *Hoagland v. Mount Vernon Sch. Dist. 320,* 95 Wn.2d 424, 428, 623 P.2d 1156 (1981). Whether there was sufficient cause to demote Benson is a question of fact. *See Hoagland,* at 428. We examine the record under the clearly erroneous standard and reverse only if, after reviewing the entire record, we have a definite and firm conviction that a mistake has been made. *Pryse,* at 23.

Benson's job description stated that one of the functions of the principal is to "manage the school to which he/she is assigned consistent with district policies and administrative procedures". Benson neglected to follow the District's policy and procedure pertaining to the reporting of child abuse. In addition, he failed to follow the procedure which details school relations with police. He neither reported the rape to the police nor contacted Children's Protective Services. Further, he did not undertake any investigation himself. Under these facts, we cannot say that the finding of the hearing examiner was clearly erroneous.

In its cross claim, the District contends that RCW

28A.58.450 was substantially complied with, and Benson is not entitled to back pay because he was afforded due process. However, as we have concluded, the Superior Court was correct in its determination that a hearing prior to demotion is required by RCW 28A.58.450. The court did not err in awarding back pay for the contract year during which Benson was demoted. *See Foster v. Carson Sch. Dist. 301, supra* at 32.

The District also contests the award of attorney's fees which were predicated upon RCW 28A.58.490.[4] The Superior Court entered judgment for the District because it found that there was sufficient cause to adversely affect Benson's contract status. Additionally, the court made no specific finding that the District's probable cause determination was in bad faith or upon insufficient legal grounds. Nor could it do so under the facts of this case. Therefore, the court's award of attorney's fees was not permitted under RCW 28A.58.490. The court erred in making such an award.

In addition, Benson could not be awarded his attorney's fees under RCW 28A.58.455(7)(c), which gives the hearing officer authority to award the employee reasonable attorney's fees if the employee prevails. *Pryse,* at 26. The examiner found that Benson was not afforded the correct procedure, but because the examiner found sufficient cause for the demotion, it cannot be said that the final decision was in favor of Benson so as to justify an award of attorney's fees under the statute.

The court's decision denying reinstatement is affirmed. The award of damages to Benson arising from the difference in pay as a classroom teacher and what he would have received as a principal during the 1981–82 school year is

---

[4]RCW 28A.58.490 provides in relevant part:

"If the court enters judgment for the employee, and if the court finds that the probable cause determination was made in bad faith or upon insufficient legal grounds, the court in its discretion may award to the employee a reasonable attorney's fee for the preparation and trial of his appeal, together with his taxable costs in the superior court."

affirmed. The award of attorney's fees is reversed. The District, having substantially prevailed, is awarded its costs on appeal.

SWANSON, J., and PETRIE, J. Pro Tem., concur.

Reconsideration denied October 17, 1985.

Review denied by Supreme Court December 18, 1985.