IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JAMES MCLAIN, | ) | No. 68373-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| KENT SCHOOL DISTRICT, NO. 415, | ) | |
| | ) | |
| Appellant. | ) | FILED: December 16, 2013 |

SCHINDLER, J. — Where a teacher appeals the decision of a school district to not

renew a teaching contract under RCW 28A.405.210 and timely requests an

administrative hearing, RCW 28A.405.310 sets forth the procedure and deadlines that

must be followed to select a hearing officer. The statute authorizes the presiding judge

of the superior court to appoint a hearing officer only if the school district and the

teacher "fail to agree as to who should be appointed."[1] James McLain timely appealed

the decision of the Kent School District (District) to not renew his teaching contract for

the 2010-2011 school year but did not comply with the statutory procedure or deadlines

to select a hearing officer and schedule a hearing. Fifteen months later, McLain sought

to pursue the appeal and filed a motion to appoint a hearing officer. The presiding

judge of King County Superior Court granted the motion and directed the parties to

contact the hearing officer within 10 days. Because the undisputed facts establish

_____

[1] RCW 28A.405.310(4).

McLain waived his right to an administrative hearing under chapter 28A.405 RCW, we reverse and vacate the order.

## FACTS

The facts are undisputed. On February 23, 2010, the superintendent of the Kent School District notified James McLain of the decision to not renew his teaching contract. The District informed McLain that lack of improvement during the probationary period established probable cause to not renew the teaching contract for the 2010-2011 school year. The notice states McLain must contact the District within 10 days to contest the decision through an administrative hearing under RCW 28A.405.310.

On March 1, Washington Education Association attorney Michael Gawley sent a letter to the District appealing the decision to not renew McLain's teaching contract. Gawley and the attorney for the District discussed the selection of "possible hearing officers and possible resolutions to this matter." But first Gawley wanted to review the documents supporting the decision. The District provided Gawley with approximately 340 pages of documentation concerning the decision to not renew the teaching contract.

In June, Gawley notified the District that "he may no longer represent [McLain]" in the appeal. On July 12, Gawley sent a letter confirming his withdrawal and instructed the District to contact McLain "directly to make arrangements with respect to the further prosecution of his appeal."

In a letter to McLain dated July 13, the District informed McLain that his contractual relationship with the District would end on August 31 and "[i]f you choose to continue your appeal of the nonrenewal of your teaching contract, you or your legal

counsel must contact [the lawyer representing the District] within ten (10) days of receiving this letter" to select a hearing officer and agree on the time line for the appeal under RCW 28A.405.310. The letter states, in pertinent part:

> Today, July 13, we received written confirmation that Mr. Gawley no longer represents you and that we are to contact you directly to make arrangements regarding any further appeal.
>
> Your contractual relationship with the Kent School District will end August 31. If you choose to continue your appeal of the nonrenewal of your teaching contract, you or your legal counsel must contact [the lawyer representing the District] within ten (10) days of receiving this letter. At that time, we will confer to agree upon a hearing officer and, once a hearing officer has been selected, confer again on the timeline for your appeal pursuant to RCW 28A.405.310. If you choose not to contest the nonrenewal any further, you may contact Legal Services to notify us of such or simply disregard this notice, in which case the right to a hearing will be deemed waived.

In a letter to the District dated July 27, McLain states, "I am continuing with the appeal of the termination of employment . . . . I have secured my own attorney . . . . I intend to file suit against [the District] for wrongful termination and discrimination." McLain also requested the District provide "all emails that were in my folder" and stated that his "attorney will also be demanding all papers, letters, evaluations, emails and files." But the letter did not identify the attorney.

In a letter dated August 3, the District acknowledged receipt of the July 27 letter and asked McLain to have his attorney contact the attorney for the District. The letter states, in pertinent part:

> I have received your letter dated July 27 notifying us that you are continuing the appeal of your nonrenewal. You stated that you have secured your own attorney, but you did not mention the name or contact information for your counsel. Since you are represented on this matter, it is inappropriate for me to have further direct contact with you. The rules of professional conduct require that our interactions be channeled through

your legal representative. This includes requests for discovery or other documents associated with this appeal.

Please have your attorney contact me as soon as possible.

On August 17, the District received a public records[2] request from an attorney representing McLain. The letter from attorney Mary Ruth Mann states, in pertinent part:

> Our office represents James McLain with respect to the matters discussed below.
>
> **PUBLIC RECORDS REQUEST**
>
> In order that we be able to evaluate Mr. McClain's [sic] situation, please provide a copy of his complete personnel file, supervisory and administrative notes and communications about him, and all electronic correspondence about him during the past 4 years including emails to and from and between any administrator, school board member, principal, assistant principal, parent, student, political figure, agent of the district, lawyer, consultant or any other person.[3]

The attorney for the District left a voice mail for Mann and sent a letter seeking to obtain McLain's consent to release his employment records. The letter to Mann also asks whether McLain was pursuing the administrative appeal. If so, the letter requests McLain designate and authorize his nominee to contact the nominee for the District to "jointly identify potential hearing officers." The letter states, in pertinent part:

> As I mentioned in my voice mail message, the district received your request for records associated with your client, James McLain. . . .
>
> To expedite your request and reduce the exemptions and/or redactions that we might otherwise make to a Public Records Act request, it would be helpful if Mr. McLain put something in writing acknowledging your representation and consenting to accessing all of his employment records. You could scan that and simply send it to us electronically by email, if it would be easier. In the meantime, we will begin collecting the records that you have requested.
>
> . . . .
>
> In my voice mail message I also mentioned that your client earlier requested to appeal the determination of just cause for his nonrenewal pursuant to the statutory process of RCW 28A.405.310. I am the Board of Directors' nominee for selecting a hearing officer for this process. If Mr. McClain [sic] chooses to continue through this statutory process and you

---

[2] Public records act, chapter 42.56 RCW.

[3] (Emphasis in original.)

have your client's authority to act as his nominee, please let me know and we will jointly identify potential hearing officers.

In a letter dated August 19, Mann states legal representation of McLain is limited to the public records request. The District then sent a letter to McLain instructing him to contact the District within three business days if he wanted to pursue the administrative appeal. The August 19 letter to McLain states:

> Today I received an electronic copy of a letter from the law firm of your attorney, Mary Ruth Mann. The letter indicates that you were sent a copy as well. Ms. Mann's office states that although she has initiated a records request on your behalf, neither she nor her firm is representing you with regards to a hearing under RCW 28A.405.310 at this time.
> If you choose to go forward with this statutory hearing on your own, it is your responsibility to contact me at the district's Legal Services office within three business days of receiving this letter to initiate the process. I am the Board of Directors' nominee for selecting a hearing officer and the process is initiated by jointly identify[ing] potential hearing officers.
> To make arrangements for choosing a hearing officer, you should telephone my office.[4]

McLain did not respond to the August 19 letter. His teaching contract for the 2009-2010 school year expired on August 31, 2010. McLain did not contact the District at any point during the 2010-2011 school year or before the beginning of the following school year. For the first time in November 2011, an attorney representing McLain contacted the District in an effort to pursue the administrative appeal of the decision to not renew McLain's teaching contract for the 2010-2011 school year. The District took the position that by failing to timely "follow through or appoint a designee to follow through with his hearing request," McLain abandoned his right to a hearing under chapter 28A.405 RCW.

---

[4] (Emphasis omitted.)

On January 12, 2012, McLain filed a "Petition for Appointment of Hearing Officer Pursuant to RCW 28A.405.310(4)" to be heard on February 6 without oral argument. In support of the petition, McLain submitted the declaration of his attorney and a copy of the March 1, 2010 letter from McLain's former attorney appealing the probable cause determination "pursuant to Chapter 28A.405 RCW." The attorney concedes the statute only allows the presiding judge to appoint a hearing officer after the District and the employee appoint a nominee within 15 days of the request for a hearing and the nominees are unable to agree on the appointment of a hearing officer.[5] Nonetheless, the attorney asserts that "Gawley, Petitioner's previous legal counsel, was initially appointed as Petitioner's nominee for purposes of appointment of a hearing officer," and as "current legal counsel, [I] am appointed by Mr. McLain for purposes of selection of a hearing officer." The attorney then asserts that the nominees "have been unable to agree on a hearing officer to conduct the hearing as required by statute." The declaration states, in pertinent part:

> [The District nominee] and I have been unable to agree on a hearing officer to conduct the hearing as required by statute. Because Petitioner's and Respondent's nominee are unable to agree on a hearing officer, Petitioner now petitions this Court for appointment of a hearing officer to hear and decide the case.

---

[5] The declaration states, in pertinent part:

The procedure for appointment of a hearing officer specified by RCW 28A.405.310(4) is as follows: Within 15 days of the date of the employee's request for hearing, the district and the employee each are to appoint one nominee. The nominees are to jointly appoint a hearing officer who must be a member in good standing of the Washington State Bar Association or a person adhering to the arbitration standards established by the Public Employment Relations Commission and listed on its current roster of arbitrators. If the two parties' nominees are unable to agree on the appointment of a hearing officer, either party may, upon appropriate notice to the other party, apply to the presiding judge of the superior court for the county in which the district is located for the appointment of the hearing officer. The statue specifies that the presiding judge thereupon "shall have the duty to appoint a hearing officer who shall, in the judgment of such presiding judge, be qualified to fairly and impartially discharge his or her duties." [RCW 28A.405.310(4).] The statute further provides that the school district shall pay all fees and expenses of the hearing officer selected.

6

The District filed a motion to deny the petition to appoint a hearing officer and requested oral argument. The District argued McLain waived his right to an administrative hearing by failing to respond for over 15 months to the repeated requests to jointly appoint a hearing officer and schedule the hearing. The attorney for the District submitted a declaration describing the procedural history. The attorney asserts, "The parties did not 'fail to agree' on a hearing officer appointment—Petitioner's legal representative withdrew and Petitioner took no action for two more school years to either complete this process himself or find another lawyer to contact the district until November 201[1]." The attorney also pointed out that if McLain "believes that he was wrongly nonrenewed, Petitioner can litigate this matter."

The presiding judge considered the motion without oral argument and entered an order appointing a hearing officer and directing the parties to contact the hearing officer within 10 days.

The District filed a notice of discretionary review of the order. The District argued the court committed probable error substantially altering the status quo or substantially limiting a party's freedom to act under RAP 2.3(b)(2). We granted the motion for discretionary review.

## ANALYSIS

The District contends the presiding judge did not have the authority to appoint a hearing officer under RCW 28A.405.310(4) and McLain waived his right to an administrative hearing under chapter 28A.405 RCW. McLain argues that after timely filing a notice of his intent to appeal the decision to not renew his teaching contract, he

7

had no obligation to participate in the selection of a hearing officer under RCW 28A.405.310.

Where the facts are not in dispute, review is de novo. Wash. Equip. Mfg. Co. v. Concrete Placing Co., 85 Wn. App. 240, 244, 931 P.2d 170 (1997). The interpretation and meaning of a statute is a question of law that we also review de novo. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our fundamental objective is to ascertain and carry out the intent of the legislature. Campbell & Gwinn, 146 Wn.2d at 9-10. We first look to the language of the statute to determine legislative intent. Campbell & Gwinn, 146 Wn.2d at 9-10. If the statute is unambiguous, we interpret the plain language of the statute as written. Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles, 148 Wn.2d 224, 239, 59 P.3d 655 (2002). A statutory provision must be read in its entirety and within the context of the statutory scheme as a whole. ITT Rayonier, Inc. v. Dalman, 122 Wn.2d 801, 807, 863 P.2d 64 (1993). We give meaning to every word and must avoid an interpretation that would produce an unlikely, absurd, or strained result. In re Recall of Pearsall-Stipek, 141 Wn.2d 756, 767, 10 P.3d 1034 (2000); Kilian v. Atkinson, 147 Wn.2d 16, 21, 50 P.3d 638 (2002); State v. Stannard, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987).

The undisputed record establishes that because McLain did not comply with the mandatory procedure to select a hearing officer, the presiding judge did not have the authority to enter an order appointing a hearing officer under RCW 28A.405.310(4). The plain language of the statute does not support McLain's argument that by notifying the District of his intent to appeal, he had no responsibility to participate in the selection

of a hearing officer and the District had an obligation to unilaterally select a hearing officer and proceed with the hearing.[6]

Under RCW 28A.405.210, a school district has the right to not renew the contract for a certified teacher for probable cause. A teacher filing a request to appeal within 10 days of receiving the notice of nonrenewal "shall be granted [the] opportunity for hearing pursuant to RCW 28A.405.310 to determine whether there is sufficient cause or causes for nonrenewal of contract." RCW 28A.405.210. RCW 28A.405.210 states, in pertinent part:

> In the event it is determined that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term such employee shall be notified in writing on or before May 15th preceding the commencement of such term of that determination, . . . which notification shall specify the cause or causes for nonrenewal of contract. Such determination of probable cause for certificated employees, other than the superintendent, shall be made by the superintendent. Such notice shall be served upon the employee personally, or by certified or registered mail, or by leaving a copy of the notice at the house of his or her usual abode with some person of suitable age and discretion then resident therein. Every such employee so notified, at his or her request made in writing and filed with the president, chair or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for hearing pursuant to RCW 28A.405.310 to determine whether there is sufficient cause or causes for nonrenewal of contract.

RCW 28A.405.310 states that within 15 days of receiving the request for an administrative hearing, the teacher and the District must designate a nominee to jointly agree to a hearing officer: "Within fifteen days following the receipt of any such request

---

[6] The cases McLain cites also do not support his argument. See Benson v. Bellevue Sch. Dist. No. 405, 41 Wn. App. 730, 735-37, 707 P.2d 137 (1985) (under former RCW 28A.58.450 (1976) governing discharge for cause, principal's demotion was ineffective because "employee cannot be notified of the discharge as a fait accompli but must first be afforded an opportunity to be heard"); Noe v. Edmonds Sch. Dist. No. 15, 83 Wn.2d 97, 104, 515 P.2d 977 (1973) (under former RCW 28A.58.450 (1969), district could not summarily place teacher on probation and reduce her salary without notice and opportunity for hearing); Foster v. Carson Sch. Dist. No. 301, 63 Wn.2d 29, 32-33, 385 P.2d 367 (1963) (under former RCW 28.58.450 (1961) governing discharge for cause, teacher discharged without timely notice entitled to appeal directly to superior court).

. . . the district . . . <u>and</u> the employee . . . shall each appoint one nominee," who must in turn "jointly appoint a hearing officer." RCW 28A.405.310(4).[7] RCW 28A.405.310(4) sets forth mandatory procedures to select a hearing officer and pursue the appeal. RCW 28A.405.310(4) states, in pertinent part:

> In the event that an employee requests a hearing pursuant to RCW 28A.405.300[8] or 28A.405.210, a hearing officer shall be appointed in the following manner: Within fifteen days following the receipt of any such request the board of directors of the district or its designee and the employee or employee's designee shall each appoint one nominee. The two nominees shall jointly appoint a hearing officer who shall be a member in good standing of the Washington state bar association or a person adhering to the arbitration standards established by the public employment relations commission and listed on its current roster of arbitrators.

If the nominees "fail to agree" on the selection of a hearing officer, either party may file a petition with the presiding judge of the superior court to appoint a hearing officer. RCW 28A.405.310(4). But the plain and unambiguous language of RCW 28A.405.310(4) authorizes the presiding judge to appoint a hearing officer only if the nominees "fail to agree as to who should be appointed as the hearing officer." RCW 28A.405.310(4) states, in pertinent part:

> Should said nominees fail to agree as to who should be appointed as the hearing officer, either the board of directors or the employee, upon appropriate notice to the other party, may apply to the presiding judge of the superior court for the county in which the district is located for the appointment of such hearing officer, whereupon such presiding judge shall have the duty to appoint a hearing officer who shall, in the judgment of such presiding judge, be qualified to fairly and impartially discharge his or her duties.

---

[7] (Emphasis added.)

[8] RCW 28A.405.300 applies to a teacher "discharged or otherwise adversely affected in his or her contract status" and is not applicable here.

10

The statute does not define "fail to agree." Because "fail to agree" is undefined, we look to the ordinary meaning of the term. Am. Legion Post No. 149 v. Dep't of Health, 164 Wn.2d 570, 592, 192 P.3d 306 (2008). Webster's Third New International Dictionary 814 (2002) defines "fail" to mean "miss attainment : fall short of achievement or realization." Webster's Third New International Dictionary at 43 defines "agree" to mean "to concur in [:] to give assent : express approval : ACCEDE . . . to a plan."[9]

Here, the nominees for the District and McLain did not "fail to agree" on the selection of a hearing officer under RCW 28A.405.310(4). The undisputed record establishes McLain waived his right to pursue the administrative appeal of the decision to not renew his contract for the 2010-2011 school year.

Waiver is an equitable doctrine that can defeat a legal right where the facts show that the party relinquished a known right, or conduct shows the party relinquished known rights. Schroeder v. Excelsior Mgmt. Grp., LLC, 177 Wn.2d 94, 106, 297 P.3d 677 (2013).

> Most rights can be waived by contract or conduct. Bowman v. Webster, 44 Wn.2d 667, 669, 269 P.2d 960 (1954). "The doctrine of waiver ordinarily applies to all rights or privileges to which a person is legally entitled. A waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right." [Bowman, 44 Wn.2d at 669].

Schroeder, 177 Wn.2d at 106; see also Jones v. Best, 134 Wn.2d 232, 241, 950 P.2d 1 (1998) (waiver may be inferred from circumstances indicating intent to waive). To establish implied waiver, unequivocal acts or conduct must show an intent to waive; waiver is not to be inferred "from doubtful or ambiguous factors." Jones, 134 Wn.2d at

---

[9] (Emphasis in original.)

241. The party claiming waiver has the burden to prove intent to relinquish a known right. Jones, 134 Wn.2d at 241-42.

The record shows McLain knew he had a right to an administrative hearing under RCW 28A.405.210. On February 23, 2010, the District notified McLain there was probable cause to not renew his contract because he did not demonstrate sufficient improvement during his probationary period. McLain timely appealed the decision under chapter 28A.405 RCW. After reviewing the documentation provided in support of the decision, on July 12, McLain's attorney withdrew and instructed the District to contact McLain directly. Despite repeated requests from the District in July and August, McLain did not designate a nominee or jointly select a hearing officer. For instance, in the letter to McLain dated July 13, 2010, the District told McLain his contract would expire on August 31, 2010 and he was responsible for contacting the District to jointly select a hearing officer. And in the letter to McLain dated August 19, 2010, the District reiterated that McLain had to contact the District to jointly identify a hearing officer. McLain did not respond or contact the District either before the start of the 2010-2011 school year or at the beginning of the following 2011-2012 school year. For the first time in November 2011, an attorney contacted the District in an effort to pursue the administrative hearing challenging the decision to not renew his teaching contract for the 2010-2011 school year. We conclude McLain waived his right to an administrative appeal under chapter 28A.405 RCW by failing to comply with the mandatory statutory requirements and deadlines.

We reverse and vacate the order granting the petition to appoint a hearing officer.

WE CONCUR: