FILED
COURT OF APPEAL
DIVISION II

2015 JUL -7 AM 8:47

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANTHONY DAVIS, | No. 46334-2-II |
| Appellant, | |
| v. | |
| TACOMA SCHOOL DISTRICT, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — Anthony Davis appeals the trial court's orders denying his partial summary judgment motion and granting the Tacoma School District's (District) motion for summary judgment dismissal of his lawsuit against the District for fraud and unpaid wages. Because the District complied with the notice provisions of RCW 28A.405.210 in nonrenewing Davis's employment contract for the 2013-2014 contract term, the District did not owe Davis wages for any portion of the 2013-2014 contract term notwithstanding that his sufficient cause hearing was still pending. In addition, Davis failed to present a prima facie case that the District defrauded him about his pay status pending the sufficient cause hearing. Therefore, we hold that the trial court did not err by denying Davis's motion for partial summary judgment and granting the District's motion for summary judgment on all claims. Accordingly, we affirm.

## FACTS

The material facts in this case are not in dispute. The District employed Davis as a teacher beginning July 2007. Davis's employment with the District consisted of a series of renewable one-year contracts. In May 2012, Davis signed a contract for the upcoming 2012-2013 school year, which ran through August 29, 2013. Davis taught until March 21, 2013, when the District

placed him on administrative leave pending an investigation into his alleged misconduct. During this time, Davis received his normal salary.

In a letter dated May 7, 2013, the District notified Davis of the allegations against him[1] and advised him that the District was considering terminating his employment. Davis and his union representative attended a May 14 meeting where Davis had the opportunity to present information he wanted the District to consider before making a disciplinary determination. On May 15, the District notified Davis in writing that it had concluded its investigation, the allegations of misconduct against him were substantiated, and probable cause existed to "terminate [his] employment." Clerk's Papers (CP) at 94. The letter also advised Davis that he could request a hearing to appeal the District's determination. The letter referred Davis to RCW 28A.405.300 for more information about his appeal rights. Davis timely requested a hearing to determine whether sufficient cause existed for his "discharge." CP at 58.

On June 14, the District notified Davis in writing that the school board had approved nonrenewal of his contract and that the last day of his employment with the District would be August 29, 2013.

On July 22, the District advised Davis, in writing, that he continued to be on paid administrative leave and that he would remain on administrative leave pay status pending his appeal. But, on August 29, the end of the employment contract period, the District stopped paying Davis his salary.

---

[1] The allegations against Davis included that he restrained a student in an inappropriate manner; directed one student to change the clothing of another student; made a threat to cause harm to colleagues; and created a hostile, uncivil, and unsafe work environment for students and the subordinates assigned to work with him. Information learned during the course of the initial investigation led the District to expand its investigation to inquire about whether Davis truthfully answered the District's applicant disclosure forms and employment history when he applied for a teaching position in the District.

In September, Davis moved for a continuance of the sufficient cause hearing. The District opposed the continuance, arguing that it would unduly prejudice the District, which had already suffered financial hardship because it kept Davis on paid administrative leave pending resolution of his appeal. In support, the District submitted a declaration from its attorney that Davis had been on paid administrative leave status since notifying the District of his intent to appeal in May. The attorney's representation was incorrect because the District had stopped paying Davis at the end of August. Before the hearing officer ruled on Davis's motion for a continuance, the District acknowledged its misstatement about Davis's pay status. The hearing officer granted Davis's request for a continuance.

In mid-January 2014, the sufficient cause hearing occurred. On January 23, the hearing officer issued his decision. He held that the District proved sufficient causes to "discharge" Davis. Davis appealed the hearing officer's decision to the superior court.[2]

A few months before the January 2014 hearing, Davis served the District with a claim for damages based on nonpayment of wages. Then on December 27, 2013, Davis filed this lawsuit in superior court alleging that the District violated the labor code, breached its contract with him, and committed fraud. Davis moved for partial summary judgment, arguing that he was entitled to summary judgment on the liability issues but material factual disputes remained regarding damages. The District opposed Davis's motion and filed a cross-motion for summary judgment dismissal of all Davis's claims. The trial court denied Davis's motion for partial summary judgment and granted summary judgment in the District's favor. Davis appeals.

---

[2] The outcome of this appeal is not before us here.

ANALYSIS

Davis argues that the trial court erred by denying his motion for partial summary judgment and by granting the District's competing motion for summary judgment. Because they turn on the same issue, we treat the two arguments as one. The primary issue is whether the District was required to continue paying Davis wages between the end of the 2012-2013 contract term and the following January when the hearing officer upheld the District's discharge decision. The secondary issue is whether the District's representations about Davis's pay status constituted fraud. We hold that the trial court did not err by granting the District's summary judgment motion.

I.    STANDARD OF REVIEW

We review a trial court's summary judgment determinations de novo. *Dean v. Fishing Co. of Alaska, Inc.*, 177 Wn.2d 399, 405, 300 P.3d 815 (2013). We consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *Loeffelholz v. Univ. of Wash.*, 175 Wn.2d 264, 271, 285 P.3d 854 (2012). Summary judgment is proper when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c). "A material fact is one that affects the outcome of the litigation." *Owen v. Burlington N. Santa Fe R.R. Co.*, 153 Wn.2d 780, 789, 108 P.3d 1220 (2005). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The process of determining the applicable law and applying it to undisputed facts is a question of law that we review de novo. *Erwin v. Cotter Health Ctrs.*, 161 Wn.2d 676, 687, 167 P.3d 1112 (2007).

We review the superior court's interpretation of a statute de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). If a statute's meaning is plain on its face, we follow that plain meaning. *Campbell & Gwinn, LLC*, 146 Wn.2d at 9-10. A statute's plain meaning is discerned from the language's ordinary meaning, the statute's context, related provisions, and the statutory scheme as a whole. *Udall v. T.D. Escrow Servs., Inc.*, 159 Wn.2d 903, 909, 154 P.3d 882 (2007).

II.      UNPAID WAGE CLAIMS

A.      Overview of Statutory Scheme

A statutory scheme governs the employment, discharge, and reduction in rank of certificated teachers and administrators. *Barnes v. Seattle Sch. Dist. No. 1*, 88 Wn.2d 483, 485, 563 P.2d 199 (1977). RCW 28A.405.210 limits employment contracts for certificated employees to a one-year term. But, it provides that the one-year contracts are automatically renewed for the next year unless certain conditions are met. RCW 28A.405.210. This continuing contract statute "is similar to tenure laws" because it "affords reemployment rights to all covered employees." *Moldt v. Tacoma Sch. Dist. No. 10*, 103 Wn. App. 472, 482, 12 P.3d 1042 (2000).

A school district may terminate the employment of a certificated employee by discharge [3] and by nonrenewal.[4] Discharge operates on an employee's current contract. "When a decision to discharge is made, the district may notify the employee at any time during the term of the contract

---

[3] RCW 28A.405.300.

[4] RCW 28A.405.210.

and need pay the teacher only until the hearing."[5] *Petroni*, 127 Wn. App. at 728. In contrast, a nonrenewal operates prospectively by giving notice, before a specific date, that the employee's contract will not be renewed for the next contract term. *See Barnes*, 88 Wn.2d at 486. When a nonrenewal decision is made, the district must pay the employee until the end of the teacher's pay period under the contract. *Petroni*, 127 Wn. App. at 728. If a school district fails to give an employee timely notice of nonrenewal, including the probable cause or causes for the nonrenewal, then the employee is "conclusively presumed to have been reemployed by the district for the next ensuing [one-year] term." RCW 28A.405.210.

An employee who receives a probable cause notice for either nonrenewal or discharge has a right to request a sufficient cause hearing. RCW 28A.405.310. However, the hearing serves a slightly different function in each of the two situations. In the discharge scenario, once the district gives an employee notice of probable cause for discharge and the employee requests a hearing, the district cannot discharge or otherwise adversely affect the employee's contract status until cause is established by a preponderance of the evidence at the hearing. RCW 28A.405.300. Thus, the hearing functions as a pre-decision review. On the other hand, a school district's notice to an employee that probable cause exists for nonrenewal cuts off the employee's reemployment right, and thus, the hearing functions as a post-decision review. *See Schlosser v. Bethel Sch. Dist.*, 183 Wn. App. 280, 288, 333 P.3d 475, 479 (2014), *review denied*, 182 Wn.2d 1004, 342 P.3d 327 (2015); *see also* RCW 28A.405.210.

---

[5] The *Petroni* court's reference to the district having to pay a teacher *only* until the hearing is merely a reflection that hearings on probable cause for discharge usually occur before the end of the teacher's current contract term. *See* RCW 28A.405.310 (4)-(6) (providing for the statutory hearing to occur within approximately 30 days of the employee's notice of appeal absent a continuance request from the employee). Therefore, the district has to pay the teacher only until the hearing rather than until the end of the contract term. 127 Wn. App. at_728.

An employee may appeal a discharge, nonrenewal, or other adverse change in contract status to the superior court. RCW 28A.405.320-.380. If a reviewing court enters judgment for the employee, the court may order the school board to reinstate or issue a new contract to the employee, or award damages for loss of compensation. RCW 28A.405.350.

B.      Nature of the Dispute

Davis argues that the District was required to pay him during the approximately five-month period between the end of his 2012-2013 contract term and the hearing officer's determination that probable cause existed to discharge his contract. The crux of the parties' dispute is whether the District complied with the notice provisions of RCW 28A.405.210 when it nonrenewed Davis's contract.

We focus on the nonrenewal process because the discharge statute, RCW 28A.405.300, protects an employee from discharge or adverse action only for the duration of his or her *current contract*. In *Benson v. Bellevue School District No. 405*, we held that where a school district wrongfully took adverse employment action against a principal's contract by demoting him to a teacher position without a hearing, the district was merely required to pay the employee his principal's salary through the end of the contract period in which he was demoted because the district had properly nonrenewed his principal contract for the ensuing year. 41 Wn. App. 730, 736-38, 707 P.2d 137 (1985).

Here, as in *Benson*, 41 Wn. App. at 737-38, if the District complied with the statutory process for nonrenewing Davis's contract at the end of the 2012-2013 contract term, Davis had no right to wages past the end of that contract term. On the other hand, if the District did not comply with the nonrenewal statute, Davis had a right to demand issuance of a new contract for the 2013-2014 contract term. *See* RCW 28A.405.210. If Davis had successfully demanded a new contract

for the 2013-2014 contract term, the District would not have been allowed to take adverse employment action against him until a hearing officer determined that sufficient cause existed for discharge, which means that the District would have been required to pay Davis wages until the hearing officer's decision.[6] *See* RCW 28A.405.300.

Accordingly, the parties' disagreement about whether the District was required to pay Davis past the end of his 2012-2013 contract term depends on whether the District complied with the nonrenewal statute.

C.    The District Complied with RCW 28A.405.210

Davis argues that the District did not comply with the nonrenewal statute. He argues that the District could have given him notice of nonrenewal at the same time that it notified him of probable cause for discharge, but it failed to do so. Specifically, he argues that he did not receive timely notice of the District's decision to nonrenew his contract and the reasons therefor. We disagree. The District provided Davis with both a notice of discharge and of nonrenewal.[7] Its May 15 and June 14 letters to Davis satisfy the plain meaning of the notice provisions of RCW 28A.405.210.

"The continuing contract statute has as one of its central purposes the elimination of uncertainty in the employment plans of both the teacher and the district." *Peters v. South Kitsap Sch. Dist. No. 402*, 8 Wn. App. 809, 815, 509 P.2d 67 (1973). If a district plans to nonrenew a certificated employee's contract for the next ensuing term, it must give the employee written notice specifying the cause or causes for nonrenewal on or before May 15 preceding the commencement

---

[6] Davis concedes that because of his discharge for cause, the month of January would be the last month the District would have to pay him.

[7] The District argues that every notice of discharge automatically involves an implicit notice of nonrenewal. We need not decide this issue and choose not to.

8

of such term. RCW 28A.405.210. If the omnibus appropriations act has not passed the legislature by May 15, then notification shall be not later than June 15. RCW 28A.405.210. If such notice is not given, the employee shall be conclusively presumed to have been reemployed for the next ensuing term. RCW 28A.405.210.

In 2013, the omnibus appropriations act had not passed the legislature by May 15; therefore, the District had until June 15 to notify Davis that his employment contract would be nonrenewed for the 2013-2014 contract term and the reasons therefor. Third Engrossed Substitute S.B. 5034, 63d Leg., 2d Spec. Sess. (Wash. 2013); *see* RCW 28A.405.210.

Here, the District's May 15 letter informed Davis that the District intended to terminate his employment and it detailed the misconduct that formed the basis for the District's probable cause determination. The letter did not specify whether the termination was by discharge or nonrenewal, but the last paragraph of the letter referred Davis to RCW 28A.405.300, the statute pertaining to discharge. The June 14 letter confirmed that the school board had approved nonrenewal of Davis's contract. Thus, by June 14, Davis had received written notice that the District would not renew his contract and the probable cause for his termination. Although the June 14 letter did not specify the probable cause or causes for nonrenewal, in this case the basis for the nonrenewal (misconduct) can clearly be inferred from the notice of termination that Davis received on May 15.[8]

The respective statutory provisions governing nonrenewal and discharge both require districts to give written notice to effected employees specifying the probable cause or causes for

---

[8] Davis does not argue that the District lacked probable cause for nonrenewal—only that the District failed to give him notice of it. In fact, Davis acknowledges the allegations of misconduct against him could form the basis for probable cause for nonrenewal as well as discharge. *See* Br. of Appellant at 11 ("The District based its termination of Mr. Davis on alleged misconduct under RCW 28A.405.300. The District could have nonrenewed Mr. Davis at the same time if it so chose. It did not. . . . The District chose to discharge Mr. Davis, not nonrenew him.").

such action. RCW 28A.405.210, .300. But nothing in the statutes' text or the statutory scheme requires districts to separately state notices of nonrenewal and discharge. In fact, we have previously recognized that notice of probable cause for an adverse employment action, e.g. discharge or demotion, could also serve as notice of nonrenewal if the employee knew that the district did not intend to renew the employee's contract. In *Benson*, we rejected an employee's argument that his principal contract had been automatically renewed because the school district's attempt to demote him was invalid. 41 Wn. App. at 737-38. Despite the lack of a separate notice of nonrenewal, we held that the demotion procedure amounted to notification of nonrenewal because the earlier notice of probable cause set out the intended change in the contract status, the employee received notice of the demotion prior to the statutory deadline, and he knew that the district intended to nonrenew his principal contract. *Benson*, 41 Wn. App. at 737-38.

Similar to the employee in *Benson*, 41 Wn. App. at 737-38, the District notified Davis that his contract would be nonrenewed and it timely provided him the bases for the nonrenewal. The notice of probable cause that Davis received on May 15 notified him that the District intended to terminate his employment with the District. Although the discharge could not take effect until a hearing examiner determined that sufficient cause existed, Davis knew that the District did not intend to renew his contract for the next year. Further, the June 14 letter confirmed that the school board had approved the decision to nonrenew Davis's contract. Under these circumstances, the notice for termination supplied the bases for nonrenewal of Davis's contract.

We hold that the District complied with RCW 28A.405.210 because its May 15 and June 14 letters provided Davis timely notice of its decision to nonrenew his contract for the 2013-2014 contract term and the causes for the nonrenewal. Because the District followed the proper

procedures for nonrenewing Davis's contract, the District does not owe him wages for any period after the expiration of his 2012-2013 contract term.

### D. Davis Did Not Comply with the Statutory Appeal Procedure

Furthermore, Davis did not follow statutory procedures for appealing the District's alleged noncompliance with the nonrenewal statute. Davis filed an original lawsuit for back wages and damages for a period of time that he was not under contract[9] and did not work. Although Davis frames this case as a breach of contract action to collect wages withheld by the District, this action is a challenge to the District's nonrenewal of his contract. Rather than following the statutory appeal process, Davis filed a lawsuit. *See* RCW 28A.405.310 - .380; RCW 28A.645.010. Although we question whether Davis may avoid the statutory appeal procedure, the District did not raise this issue in its defense of this lawsuit. Because we hold that the District did comply with the provisions of the nonrenewal statute, we do not address this issue.

### E. Judicial Estoppel

Next, Davis argues that the District is judicially estopped from asserting that the District does not owe him wages for the period after the expiration of his 2012-2013 contract term. Davis bases his estoppel argument on the District's opposition to his motion for a continuance of the sufficient cause hearing where the District erroneously asserted that a continuance would financially prejudice the District because Davis was still on paid administrative leave. We reject Davis's estoppel argument because the District corrected its previous erroneous assertion that

---

[9] There is no question that the District did not renew Davis's contract. The District's school board confirmed Davis's nonrenewal, and the District sent Davis confirmation of that decision and notified him that his employment would end on the last day of his 2012-2013 contract term. In addition, Davis did not sign a contract for the 2013-2014 year and the District stopped paying him at the expiration of his 2012-2013 contract term.

Davis was still on paid administrative leave, and therefore, the previous tribunal could not have relied on it.

"Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position." *Bartley-Williams v. Kendall*, 134 Wn. App. 95, 98, 138 P.3d 1103 (2006). Courts consider whether the party took clearly inconsistent positions, whether the earlier position was accepted by the court, and whether assertion of the inconsistent position results in an unfair advantage or detriment to the opposing party. *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538-39, 160 P.3d 13 (2007).

The District made an erroneous representation in its briefing to the hearing officer but it discovered that mistake and corrected it. The District acknowledged its misstatement about Davis's pay status. Therefore, the hearing officer could not have relied on an assertion the District withdrew before the hearing officer ruled. Accordingly, we hold that the District is not judicially estopped from asserting that it does not owe Davis wages after the expiration of his 2012-2013 contract term.

F.    Wages Due Upon Termination of Employment—RCW 49.48.010

Finally, Davis argues that the District violated RCW 49.48.010 by wrongly withholding his wages due for the period between the end of his 2012-2013 contract term and the outcome of his sufficient cause hearing on January 23, 2014. We disagree.

RCW 49.48.010 provides: "When any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." Under the plain meaning of RCW 49.48.010 a claim requires first a finding that there were, in fact, wages due. The determination of whether Davis is entitled to wages is at the heart of the parties' dispute,

but we have resolved that issue in favor of the District. Because the District did not owe Davis wages past the end of his 2012-2013 contract term, his claim under RCW 49.48.010 fails.

### G. Conclusion

We hold that the District does not owe Davis wages for the 2013-2014 contract term, the District is not judicially estopped from denying that it owed Davis wages, and the District did not withhold Davis's wages in violation of RCW 49.48.010. Accordingly, we hold that the trial court did not err by denying Davis's partial summary judgment motion and granting the District's summary judgment motion on Davis's unpaid wages/breach of contract claims.

## III. FRAUD CLAIM

Davis also claims that he is entitled to damages because the District defrauded him by promising that he would be paid wages pending his sufficient cause hearing. Davis relies on two representations from the District, a letter dated July 22 stating that he would remain on administrative leave pay status pending his appeal,[10] and the District's briefing in opposition to his motion for a continuance of the hearing in which the District argued that a continuance would be unduly prejudicial because Davis was still on paid leave status. Neither of these representations constitutes fraud.

---

[10] The July 22 letter was a status update stating that Davis continued to be on paid administrative leave and that he would remain on administrative leave pay status pending his appeal. The District claims that the July 22 status update was nothing more than a boilerplate letter sent by the Human Resources Department to comply with the collective bargaining agreement that required the District to provide employees with status updates of their cases twice a month. The District further claims that the representative who sent the letter was unaware of the parties' difficulty in choosing a hearing officer and therefore, she had not considered that the sufficient cause hearing may occur after the conclusion of Davis's 2012-2013 contract term. The District provided a declaration to that effect from the employee who signed the July 22 letter.

To recover for fraud, a party must prove: (1) a representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely on it; and (9) his consequent damage. *Williams v. Joslin*, 65 Wn.2d 696, 697, 399 P.2d 308 (1965).

The first alleged fraudulent misrepresentation is that Davis was and would remain on paid administrative pay status pending his appeal. The first part, that Davis was on paid administrative pay status, was true at the time the July 22 letter was sent. The second part, that Davis would remain on paid administrative pay status pending his appeal, was a statement about the future, not an existing fact. Davis's fraud claim based on the first misrepresentation does not survive summary judgment because Davis cannot show that the District made a knowingly false representation of an existing fact. Moreover, Davis had no right to rely on the ambiguous statement about his future pay status because he had already received a letter from the District notifying him that the school board had approved nonrenewal of his contract and that his last day of employment with the District would be August 29.

Nor can Davis's fraud claim survive based on the second alleged fraudulent misrepresentation—the District's erroneous statement made in opposition to Davis's motion for continuance of the sufficient cause hearing that Davis was still on administrative leave pay status. Not only did Davis know that the representation was false because he was not getting paid, but the District corrected its misstatement. Because Davis did not meet his burden to show a prima facie case of fraud, the trial court did not err by denying Davis's motion for partial summary judgment and by granting the District's motion for summary judgment dismissal of Davis's fraud claim.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

 

 

_____
Melnick, J.

We concur:

 

 

_____
Worswick, J.

 

 

_____
Johanson, C.J.