**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ROYBAL,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>TOPPENISH SCHOOL DISTRICT;<br>JOHN CERNA, Superintendent,<br>*Defendants-Appellants.* | No. 15-35541<br><br>D.C. No.<br>1:14-cv-03092-SMJ<br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted August 28, 2017
Seattle, Washington

Filed September 20, 2017

Before:  Michael Daly Hawkins and M. Margaret
McKeown, Circuit Judges, and Barbara Jacobs Rothstein,[*]
District Judge.

Opinion by Judge Hawkins

---

[*] The Honorable Barbara Jacobs Rothstein, United States District
Judge for the Western District of Washington, sitting by designation.

## SUMMARY[**]

### Civil Rights

On interlocutory appeal in a 42 U.S.C. § 1983 action, the panel reversed the district court's order denying qualified immunity to defendants on plaintiff's due process claim, and dismissed, for lack of jurisdiction, the district court's order denying qualified immunity to defendants on plaintiff's First Amendment claim.

Plaintiff, a former school principal, alleged that the Toppenish School District reduced his salary without due process and retaliated against him for speaking to an attorney about his performance evaluation.

The panel held plaintiff had a protected property interest under Washington State law in the salary he received as a principal. The panel held, however, that the School District was not required under federal law to provide plaintiff with a predeprivation probable cause hearing pursuant to Washington Revised Code § 28.405.300. The panel noted that federal due process does not necessarily entitle a plaintiff to the same procedures provided by state law. In this case, the state-created protections reached beyond those guaranteed by federal law. The panel held that pursuant to *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), plaintiff received all the process due to him when he twice received notice that the District was reassigning him and was provided with opportunities to be heard in his own defense.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that it lacked jurisdiction over the district court's order denying qualified immunity as to the First Amendment claim because the district court had found genuine issues of material fact existed regarding the claim. The panel held, therefore, that the issue of whether the School District violated plaintiff's First Amendment rights was categorically unreviewable on interlocutory appeal. Moreover, the panel determined that the First Amendment retaliation claim was not "inextricably intertwined" with the due process claim such that the panel could exercise pendent jurisdiction to review it.

## COUNSEL

Jerry J. Moberg (argued) and James E. Baker, Jerry Moberg & Associates P.S., Ephrata, Washington, for Defendants-Appellants.

Kevan Tino Montoya (argued) and Tyler M. Hinkley, Montoya Hinckley PLLC, Yakima, Washington, for Plaintiff-Appellee.

**OPINION**

HAWKINS, Circuit Judge:

In this interlocutory appeal, the Toppenish School District ("the District") and its Superintendent, John Cerna ("Cerna") (collectively, "Toppenish"), appeal the denial of qualified immunity and adverse summary judgment grant in Robert Roybal's ("Roybal") 42 U.S.C. § 1983 action. Roybal, a former principal in the District, claims the District reduced his salary without due process and retaliated against him for speaking to an attorney about his performance evaluation. The district court denied Cerna qualified immunity, determining Toppenish violated due process and that genuine issues of material fact existed whether Toppenish retaliated against Roybal for his speech. We conclude the district court erred in holding Toppenish violated due process by failing to comply with procedures required under state law. We further conclude we lack jurisdiction at this stage to review the denial of qualified immunity as to Roybal's First Amendment retaliation claim.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Factual Background

The District employed Roybal as a principal beginning in the 2005–06 school year. Roybal held that position, at two district schools, through the 2011–12 school year. Prior to the 2012–13 school year, Cerna reassigned Roybal to work as an assistant principal at a different school. The District raised Roybal's salary that year from $90,296.75 to $92,021.39.

In August 2013, Roybal received his performance review for the 2012–13 school year. He scored poorly. Believing the evaluation was inaccurate and did not comply with state law, Roybal requested District administrators correct it. After they failed to do so, Roybal retained attorney Kevan Montoya ("Montoya"). Montoya subsequently sent the District a letter stating he was reviewing Roybal's evaluation. The letter angered Cerna.

The District thereafter served Roybal with a Notice of Reassignment. The May 2, 2014 notice stated that, pursuant to Washington Revised Code § 28A.405.230, the District was reassigning Roybal for the 2014–15 school year to work as a teacher, at a base salary of $56,599. The notice also stated that if he had questions to contact the District Human Resources Director.

On May 15, 2014, the District served Roybal with a second notice, reiterating its decision to reassign Roybal and to pay him $56,599. The notice stated the District was reassigning Roybal because he had "[n]ot successfully demonstrated the qualities and skills necessary for an administrative position in the District." The notice then listed reasons for the reassignment, including insubordination, poor communication and judgment, and failure to comply with laws concerning student discipline. In addition, citing section 28A.405.230, the notice explained the District Board of Directors would hold an executive session to allow Roybal "to meet informally with the board and request reconsideration for [h]is reassignment." The notice concluded by informing Roybal that if he had questions, he could contact the District Human Resources Director.

On May 22, 2014, Roybal, represented by Montoya, attended the board session. Montoya presented a written submission to the board, explaining why the District had erred in reassigning Roybal.  The board upheld the District's decision in a June 2, 2014 letter.

## B.  Procedural History

Roybal sued Toppenish in Washington state court, bringing two claims under 42 U.S.C. § 1983:  (1) that Toppenish reduced his salary without due process and (2) retaliated against him for speaking to an attorney, as well as various state law claims.  Toppenish removed the case to federal court where the parties jointly moved for summary judgment.  Toppenish argued they did not violate due process or retaliate against Roybal.  Cerna argued he was entitled to qualified immunity in his individual capacity.  In his cross-motion, Roybal argued he was entitled to judgment as a matter of law on his due process claim.

The district court denied Toppenish's motion, concluding they violated due process as a matter of law, that genuine issues of material fact existed whether they violated Roybal's First Amendment rights, and that Cerna was not entitled to qualified immunity.  The district court granted summary judgment to Roybal on his due process claim.

Toppenish then pursued this interlocutory appeal as to the qualified immunity denial and on the merits of the constitutional claims.

**JURISDICTION AND STANDARD OF REVIEW**

We must first determine whether we have jurisdiction to entertain this interlocutory appeal. Our interlocutory appellate jurisdiction under 28 U.S.C. § 1291 to review the denial of qualified immunity is limited to questions of law. *Lee v. Gregory*, 363 F.3d 931, 932 (9th Cir. 2004). The Supreme Court has made clear that our jurisdiction does not extend to those appeals which involve whether the pretrial record set forth a "genuine" issue of fact for trial. *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995).

In this case, the district court concluded, as a matter of law, that Toppenish violated Roybal's clearly established due process rights. We therefore have jurisdiction to review the denial of qualified immunity, as well as the summary judgment grant to Roybal, as to the due process claim. *See Mueller v. Auker*, 576 F.3d 979, 989 (9th Cir. 2009) ("[Granting summary judgment] as a matter of law on the merits of a constitutional claim, and against a defendant asserting qualified immunity, is the equivalent of a denial of such an assertion."). We review a district court's denial of summary judgment on qualified immunity grounds and the grant of summary judgment de novo. *Id.* at 991.

We do not have jurisdiction, however, to review the denial of qualified immunity as to Roybal's First Amendment retaliation claim. On appeal, Toppenish argues that the district court erred in determining genuine issues of fact existed whether Toppenish violated Roybal's First Amendment rights. But that determination "is categorically unreviewable on interlocutory appeal." *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009). Moreover, the First Amendment retaliation claim is not "inextricably

intertwined" with the due process claim such that we may exercise pendent jurisdiction to review it. *See Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000). We therefore limit our review to the procedural due process claim.

## ANALYSIS

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998).

## A.  Property Interest

Property interests are not created by the Constitution, instead "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). A property interest arises only where there is a legitimate claim of entitlement, not merely an abstract need or desire for the particular benefit. *Id.*

Roybal correctly asserts Washington Revised Code § 28A.405.230 created a constitutionally protected property interest in the salary he received as a principal.[1] It did so by

---

[1] In relevant parts, section 28A.405.230 reads:

> Any certificated employee of a school district employed as . . . [a] principal . . . shall be subject to transfer, at the expiration of the term of his or her employment contract, to any subordinate certificated position within the school district. "Subordinate certificated position"

treating the reduction of a principal's salary as an adverse change in contract status, and by requiring any adverse change in contract status be supported by probable cause. *See Sanchez v. City of Santa Ana*, 915 F.2d 424, 429 (9th Cir. 1990).

Section 28A.405.230 governs when a district may transfer school administrators to other positions in the district.[2] Relevant here, it prohibits a district from transferring principals with three or more years of consecutive service to lower paying positions. A district can still transfer principals—"to match the skills of the individual administrator with the District's needs"—but the transfers are permissible only if the principals' respective salaries are not reduced. *Sneed v. Barna*, 912 P.2d 1035, 1038 (Wash. Ct. App. 1996).

Section 28A.405.230 itself does not explain how a district might divest principals of this protection. But Washington authority describes section 28A.405.230's protection as "tenure," allowing principals to be removed from their positions only when the decision to do so is supported by

---

. . . shall mean any . . . position for which the annual compensation is less than the position currently held by the administrator. . . . PROVIDED, That in the case of principals such transfer shall be made at the expiration of the contract year and only during the first three consecutive school years of employment as a principal . . . .

[2] Principals first employed after June 10, 2010, are subject to a different transfer statute, Washington Revised Code § 28A.405.245. That statute does not apply here because the District first employed Roybal as a principal in 2005.

probable cause. *Odegaard v. Everett Sch. Dist. No. 2*, 797 P.2d 1152, 1155 (Wash. 1990); *see also Bellevue Pub. Sch. Dist. No. 405 v. Benson*, 707 P.2d 137, 141 (Wash. Ct. App. 1985) (stating that a demotion from principal to teacher, accompanied by a salary reduction, required a predeprivation probable cause hearing). Such a restriction, limiting the grounds on which salary may be reduced, creates a reasonable expectation that principals will continue to receive their salary, and therefore, a protected property right. *See Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir. 1988).

Because Roybal served seven years as a principal in the District, he had a protected property interest in the salary he attained as a principal, pursuant to section 28A.405.230. Toppenish deprived him of this interest when they reduced his salary for the 2014–15 school year.

Toppenish contends Roybal did not have a protected property interest. They argue section 28A.405.230 only protects principals, and Roybal was an assistant principal when the District transferred him and reduced his salary in 2014. This is beside the point. Roybal's protected property interest vested after he served three years as a principal in the District. The District could not divest him of his interest simply because, as of 2014, Roybal's job title and responsibilities had changed. Once conferred, the District could not deprive Roybal of his property interest without due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) ("While the legislature may elect not to confer a property interest in public employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards." (quoting *Arnett v. Kennedy*, 416 U.S. 134, 167 (1974))). We

turn next to whether the District provided Roybal all the process he was due.

## B.  Process Due

"[O]nce a court determines that a protected property interest has been taken, 'the question remains what process is due.'"  *Brewster*, 149 F.3d at 983 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).  In its order, the district court determined Roybal did not receive due process because Toppenish violated state law.  Specifically, the district court concluded that Toppenish did not comply with Washington Revised Code § 28A.405.300, which entitles an employee to a predeprivation probable cause hearing.

Toppenish's failure to comply with section 28A.405.300 does not resolve the issue currently before us:  whether Toppenish violated federal due process, a question of federal, not state, law.  *Loudermill*, 470 U.S. at 541.  Federal due process does not necessarily entitle a plaintiff to the same procedures provided by state law.  Rather, under federal law, what process is due is determined by context, to be analyzed in accordance with the three-part balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Orloff v. Cleland*, 708 F.2d 372, 378–79 (9th Cir. 1983).

We recognize that a violation of state law causing the deprivation of a federally protected right may form the basis of a § 1983 action.  But this rule does not apply where, as here, the state-created protections reach beyond that guaranteed by federal law.  *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

Under Washington law, employees are entitled to notice and a trial-like predeprivation hearing to determine whether the adverse employment action is supported by probable cause. Wash. Rev. Code. § 28A.405.310. As part of the hearing, the parties may conduct discovery and call witnesses. *Id.* To satisfy federal due process minimums, by contrast, employees need only receive notice and an opportunity for a hearing before being deprived of their property interest. *Loudermill*, 470 U.S. at 546. To that end, employees are entitled to "oral or written notice of the charges . . . , an explanation of the employer's evidence, and an opportunity [for employees] to present [their] side of the story." *Id.* Washington law, therefore, provides greater protection than federal law and the district court erred in resting its analysis on a violation of state law.

In any event, it is clear from the record Roybal received all the process due to him before the board made a final decision with respect to his position and salary. *Brewster*, 149 F.3d at 985–86 (specifying that predeprivation hearing must occur before employees are "finally" deprived of their property interest). That final decision to reassign Roybal and reduce his salary came in the board's June 2, 2014 letter. *See* section 28A.405.230 (stating "[t]he board shall notify the administrator in writing of its final decision within ten days following its meeting with the administrator").

Before June 2, 2014, Roybal twice received notice, on May 2 and May 15, that the District was reassigning him for the 2014–15 school year. The May 15, 2014 notice explained the charges against Roybal—that he was not adequately performing in his administrative role—and identified the grounds for his reassignment.

Roybal also had opportunities to be heard in his own defense.  Both notices solicited Roybal's input when they directed him to contact the District Human Resources Director with any questions.  More significantly, Roybal, represented by counsel, attended the school board session on May 22 where he presented the board with a written submission addressing why the District had erred in reassigning him. That hearing satisfied *Loudermill*.

## CONCLUSION

We hold Toppenish did not violate Roybal's due process under federal law.  Accordingly, we reverse the summary judgment grant to Roybal and direct the district court to enter judgment on behalf of Toppenish.  Additionally, because we conclude we lack jurisdiction to review Roybal's First Amendment retaliation claim, that claim should proceed to trial in district court.

**REVERSED IN PART, DISMISSED IN PART.**  Each party to bear its own costs on appeal.