**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RICK McLELLAN, | No. 18-15529 |
| Plaintiff-Appellee, | DC No. 3:12-cv-00391-MMD-WGC |
| v. | |
| STATE OF NEVADA DEPARTMENT OF PUBLIC SAFETY; et al., | MEMORANDUM* |
| Defendant-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted May 17, 2019
San Francisco, California

Before: IKUTA and CHRISTEN, Circuit Judges, and Morris**, District Judge.

Defendant-Appellants, individual officers with the State of Nevada's

Department of Public Safety (DPS), appeal the district court's order denying their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

motion for summary judgment. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's decision denying summary judgment on the basis of qualified immunity. *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 931 (9th Cir. 2017). We reverse.

1. Jurisdiction is proper. Pursuant to 28 U.S.C. § 1291, we have jurisdiction to conduct interlocutory review of an order denying qualified immunity. *Id.* The district court's order denied summary judgment and thus "plainly denied the [officers'] qualified immunity motion." *Giebel v. Sylvester*, 244 F.3d 1182, 1186 n.6 (9th Cir. 2001). We therefore have jurisdiction to decide the appeal.

2. Defendants are entitled to qualified immunity. Our review of the district court's order denying qualified immunity is limited to questions of law. *Roybal*, 871 F.3d at 931. We may affirm only if "(1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the [officers'] conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood [his] conduct to be unlawful in that situation." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017) (internal quotation marks omitted) (second bracket in original). We may exercise our discretion when deciding which prong

2

of qualified immunity to analyze first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Because an officer is entitled to qualified immunity if either prong is negative, the district court erred by only addressing the first prong.

The district court decided that an issue of fact prevented it from determining whether there had been a constitutional violation, but an officer is entitled to qualified immunity under the second prong of the qualified immunity test if he could have "reasonably but mistakenly believed" that his conduct did not violate a clearly established right. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quoting *Hunt v. Cty. of Orange*, 672 F.3d 606, 615–16 (9th Cir. 2012)). Even assuming McLellan's First Amendment rights were violated, defendants could have reasonably believed that McLellan's repeated and admittedly false statements would jeopardize future prosecutions in which he testified, so that McLellan could no longer perform his job. On these facts, defendants could have reasonably believed that terminating McLellan's employment for his repeated false statements did not violate a clearly established constitutional right. We therefore conclude that defendants are entitled to qualified immunity.

**REVERSED.**