NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORI RODRIGUEZ; et al., | No. 17-17144 |
| Plaintiffs-Appellants, | D.C. No. 5:15-cv-03698-EJD |
| v. | |
| CITY OF SAN JOSE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted January 14, 2019
San Francisco, California

Before: WALLACE, CLIFTON, and FRIEDLAND, Circuit Judges.

Plaintiff-Appellant Lori Rodriguez ("Lori") and two organizational co-plaintiffs appeal from the district court's summary judgment for the City of San Jose ("the City"), the San Jose Police Department, and Officer Valentine (collectively, "Defendants"). Lori argues that the district court erred in concluding there was no genuine dispute of material fact on her claims that the seizure and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

retention of her firearms violated her rights under the Second, Fourth, Fifth, and Fourteenth Amendments, and under California Penal Code § 33800 *et seq.* We affirm the summary judgment in favor of Defendants on the Second and Fourth Amendment claims in a concurrently filed opinion, and we address the remaining claims herein. We affirm judgment for Defendants on those claims as well.

First, Lori argues that the City's refusal to return the firearms after Lori had complied with the procedures set forth in Penal Code § 33800 *et seq.* violates her right to procedural due process. We disagree.

Generally, procedural due process claims have "two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). As a preliminary matter, Lori does not argue, nor could she, that the City initially retained the firearms without adequate process. She was allowed to intervene in proceedings before the state trial court concerning the City's petition to retain the weapons, including in a hearing in which she offered evidence and contested the City's evidence before a neutral decisionmaker and in which the City had the burden of showing the firearms should not be returned. Instead, she challenges the process she received when the City refused to return her guns for a second time. In our view, however, Lori misunderstands California Penal Code § 33800 *et seq.* in arguing that she obtained a new property interest,

2

and therefore was entitled to additional process, after she fulfilled the statute's two requirements.

Obtaining gun clearance releases from the California Department of Justice and re-registering the guns in her name may have made Lori eligible for the return of her firearms, but that eligibility did not supersede any existing prohibitions on returning the firearms—including, in this case, the trial court's order that Defendants could retain the guns under California Welfare & Institutions Code § 8102. *See* Cal. Penal Code § 33800(c) ("Nothing in this section is intended to displace any existing law regarding the seizure or return of firearms."). In other words, completing the procedures outlined in § 33800 *et seq.* did not give Lori an additional property interest in her guns, so she was not due any additional process. *See Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 931 (9th Cir. 2017) (explaining that property interests "arise[] only where there is a legitimate claim of entitlement, not merely an abstract need or desire for [a] particular benefit").[1]

Second, Lori contends that because the Takings Clause applies to personal property, Defendants' seizure and retention of her firearms means her private

---

[1] Lori's state law claim mirrors her procedural due process claim, as she asserts that Penal Code § 33800 *et seq.* creates an independent cause of action entitling her to the return of her firearms. Because we conclude that the procedures under § 33800 *et seq.* do not supersede a determination that it would be unsafe to return the firearms under Welfare & Institutions Code § 8102, Lori's state claim falls with her procedural due process claim.

property was taken for public use without just compensation, violating the Fifth Amendment. Again, her arguments are unavailing.

The Takings Clause, as relevant here, protects "against a direct appropriation of property—personal or real," *Horne v. Dep't of Agric.*, 135 S. Ct. 2419, 2427 (2015), and such an appropriation "triggers a 'categorical duty to compensate the former owner' under the Takings Clause." *Fowler v. Guerin*, 899 F.3d 1112, 1117 (9th Cir. 2018) (quoting *Brown v. Legal Found. of Wash.*, 538 U.S. 216, 233 (2003)). As she conceded at oral argument, Lori still has title to her property and can sell it to a third-party licensed firearms dealer, *see* Cal. Penal Code § 33870(a), and Defendants have agreed that Lori can still store her firearms at a location other than her home or even keep them in her home if they are rendered inoperable. Lori's Takings Clause claim therefore fails. *Cf. Horne*, 135 S. Ct. at 2428 (explaining that raisin growers had an actionable Takings Clause claim because they lost "the entire 'bundle' of property rights in the . . . raisins [the government appropriated]—'the rights to possess, use and dispose of' them" (citation omitted)).

**AFFIRMED.**