NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORCAN KILROY, an individual, | No. 19-55357 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-09068-DMG-JDE |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted June 19, 2020[**]

Before: SCHROEDER, CANBY, and TROTT, Circuit Judges.

Lorcan Kilroy appeals pro se the district court's grant of summary judgment

in his action under 42 U.S.C. § 1983 against Los Angeles School District Board of

Education and individual defendants, arising from his termination from his

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

employment as a teacher. We review the district court's summary judgment de novo. *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 931 (9th Cir. 2017). We affirm.

The district court properly granted summary judgment in favor of defendants on Counts 9 and 10, alleging denial of due process. We assume that Kilroy had both a protected property interest in his continued employment as well as a protected liberty interest because the misconduct charge at issue implicated his reputation. *See Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013) (government employee has protected property interest in employment if he has a legitimate claim to tenure or can be fired only for cause); *Tibbetts v. Kulongoski*, 567 F.3d 529, 535-36 (9th Cir. 2009) (in the employment termination context, a liberty interest is implicated if the charge impairs a reputation for honesty or morality). The required notice provided to Kilroy satisfied the requirements of due process because it included (1) a statement of charges, (2) identified all of the grounds for termination, and (3) informed him he would be dismissed in thirty days if he did not request a hearing. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."); *Roybal*, 871 F.3d at 933. As noted by the district court, "Plaintiff does not dispute that he

2

received these notices and did not request a hearing." He was not terminated until approximately one month after the expiration of the period to request a hearing. Kilroy also received sufficient notice and opportunity to be heard prior to his suspension. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (in determining what procedures are sufficient to comport with due process, court must weigh private interest at stake, risk of erroneous deprivation, and government interest).

**AFFIRMED.**