NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONJIA MACK, | No.   20-16590 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-00799-APG-VCF |
| v. | |
| BRIAN E. WILLIAMS, Sr.; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted August 10, 2021**
San Francisco, California

Before:  SILER,*** CHRISTEN, and FORREST, Circuit Judges.

Defendants-Appellants appeal from the district court's denial of summary

judgment on Defendants' qualified immunity defense against Sonjia Mack's claim

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

that Defendants violated her constitutional rights by strip searching her without her consent and without reasonable suspicion of criminal activity when she sought to visit an inmate at the High Desert State Prison. We have jurisdiction under 28 U.S.C. § 1291, *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944–45 (9th Cir. 2017), and we "review a district court's denial of summary judgment on qualified immunity grounds . . . de novo," *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 931 (9th Cir. 2017). We affirm the district court.

On appeal, Defendants make a new argument based on a decision of this court issued after they appealed, *Cates v. Stroud*, 976 F.3d 972 (9th Cir. 2020), *petition for cert. filed* (No. 20-1438). Specifically, they contend that, because it was not clearly established before the *Cates* decision that a prison visitor had a right to leave the facility instead of submitting to a strip search, they are entitled to qualified immunity. Despite the general rule against raising new arguments on appeal, *Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1153 (9th Cir. 2020), we exercise our discretion to consider Defendants' new *Cates* argument because it is "purely" legal, *see United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990).

The *Cates* rule does not help Defendants. It applies where prison officials have *reasonable suspicion* to suspect a visitor of bringing contraband into the prison. *See Cates*, 976 F.3d at 984. Here, unlike in *Cates*, a genuine issue of fact exists regarding whether Defendants reasonably suspected Mack of smuggling contraband.

2

Accordingly, even if *Cates* were clearly established for purposes of this case, Defendants would not be entitled to qualified immunity.

Even if Defendants did not have the lack-of-reasonable-suspicion problem just discussed, which is dispositive, their *Cates* argument faces an additional difficulty. *Cates* held that "a prison visitor has a right to leave the prison rather than undergo a strip search conducted on the basis of reasonable suspicion." 976 F.3d at 984. In the district court, Defendants asserted they told Mack that she could refuse the strip search and leave the prison at any time. Thus, their argument on appeal—that they are entitled to qualified immunity because they did not know they should have given Mack the chance to leave the prison instead of submitting to a strip search—is inconsistent with their position below.

**AFFIRMED.**