NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES V. REED,

        Plaintiff-Appellee,

    v.

G. STEVEN HAMMOND; LARA STRICK;
SARA KARIKO, FKA Sara Smith,

        Defendants-Appellants.

No.    22-35355

D.C. No. 3:16-cv-05993-BHS

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted May 12, 2023
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.
Dissent by Judge IKUTA.

This interlocutory appeal seeks to address the denial of qualified immunity in

a civil rights action by Plaintiff-Appellee Charles Reed ("Reed") against Defendant-

Appellants Steve Hammond, Lara Strick, and Sara Kariko (collectively,

"Defendants") who were employed as doctors by the Washington State Department

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of Corrections. Reed filed suit under 42 U.S.C. § 1983 while incarcerated at the Stafford Creek Correction Center in Washington, alleging violations of his constitutional right to adequate medical care through Defendants' deliberate indifference to his serious medical needs related to his Hepatitis C treatment.

We review de novo the district court's summary judgment decision that an officer was not entitled to qualified immunity, *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 931 (9th Cir. 2017), viewing the facts in the light most favorable to Reed. *See Est. of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1006 (9th Cir. 2017). And we dismiss Defendants' appeal for lack of jurisdiction.

An order denying summary judgment is not usually an immediately appealable final decision, but "that general rule does not apply when the summary judgment motion is based on a claim of qualified immunity" because "pretrial orders denying qualified immunity generally fall within the collateral order doctrine." *Plumhoff v. Rickard*, 572 U.S. 765, 771–72 (2014). The scope of our review in these interlocutory appeals is limited to the "purely legal . . . contention that [an officer's] conduct 'did not violate the [Constitution] and, in any event, did not violate clearly established law[.]'" *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam) (quoting *Plumhoff*, 572 U.S. at 773). Accordingly, those portions of the district court's order determining questions of "'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial . . . [are] not appealable"

2

until after final judgment. *Johnson v. Jones*, 515 U.S. 304, 313 (1995). This rule forecloses interlocutory review of any "*fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (quoting *Foster*, 908 F.3d at 1210).

This case turns on genuine disputes of fact. The district court concluded that, "[v]iewed in the light most favorable to Reed, the evidence would permit a jury to find that the Defendants were deliberately indifferent to Reed's serious medical needs, in violation of clearly established constitutional precedent." It found that a jury could reasonably conclude that Defendants' failure to monitor Reed's condition and review his treatment plan to be willful ignorance of his medical needs. It further concluded that a jury could find Defendants were subjectively aware of his deteriorating condition, based on his grievances, and of the extrahepatic conditions that could have warranted earlier care. On those contested facts, the district court held that Defendants are not entitled to qualified immunity.

Accordingly, we lack jurisdiction over this appeal and do not address the merits of Defendants' arguments.

**DISMISSED.**

*Charles Reed v. G. Steven Hammond et al.*; No. 22-35355
IKUTA, Circuit Judge, dissenting:

We have jurisdiction over this case because the only issue presented—whether Steve Hammond, Lara Strick, and Sara Kariko (collectively, defendants) acted with an improper mental state—is purely legal in nature. *See Jeffers v. Gomez*, 267 F.3d 895, 907 (9th Cir. 2001) (per curiam). Here, even if defendants were medically negligent, there is no genuine issue of fact that they acted with deliberate indifference. Therefore, I dissent.

I

"An order denying a motion for summary judgment is generally not a final decision" under 28 U.S.C. § 1291 "and is thus generally not immediately appealable." *Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014). This "general rule does not apply," however, "when the summary judgment motion is based on a claim of qualified immunity." *Id*. This is because "pretrial orders denying qualified immunity generally fall within the collateral order doctrine," *id*., and thus appeals from such orders fall within our jurisdiction, *see Andrews v. City of Henderson*, 35 F.4th 710, 715 (9th Cir. 2022). Nevertheless, "[a] public official may not immediately appeal 'a fact-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial.'" *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th

Cir. 2018) (per curiam) (emphasis omitted) (quoting *Johnson v. Jones*, 515 U.S. 304, 307 (1995)). "In other words, where a portion of a district court's summary judgment order in a qualified immunity case determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial, it is not a final decision under the collateral order doctrine," and we lack jurisdiction. *Id.* (citation and quotation marks omitted). "To the extent the district court's order denies summary judgment on purely legal issues, however, we do have jurisdiction." *Id.*

Whether a defendant acted with a particular motive or mental state is not a question of fact, but rather is treated as a legal issue. *See Jeffers*, 267 F.3d at 907. As we have explained, "when there is an allegation of bad motive, but no evidence of bad motive, and when the evidence, viewed in the light most favorable to the plaintiff, demonstrates that the defendant's conduct was not objectively unreasonable," then "our cases permit review." *Id.* (emphasis omitted). This analysis applies equally when "a case involves allegations that a defendant acted with a certain mental state," such as deliberate indifference. *Id.*; *see also id.* at 913.

II

Here, the majority holds that this case presents an "evidence sufficiency" issue, **Majority at 2** (citation omitted), because the district court ruled that defendants were "subjectively aware" that Charles Reed's condition required

expedited care, but were "deliberately indifferent" to and demonstrated "willful ignorance" towards Reed's medical needs.  **Majority at 3.**  But these are merely legal conclusions about defendants' mental state.  The historical facts relating to defendants' conduct, meanwhile, are undisputed.  There is no dispute about Reed's APRI scores, that Reed's condition was monitored but no indication for expedited treatment was found, that the Review Committee reviewed Reed's case and concluded his infection was not progressing rapidly, that Reed claimed he had symptoms he attributed to Hepatitis C, that the Hepatitis C treatment protocol was changed (and not applied to Reed), or that Strick gave a presentation on Hepatitis C unrelated to Reed.  There are no other facts in the record revealing defendants' mental state, such as the existence of comments or clinical notes discussing their views on Reed's case.

Because there are no material facts in dispute, we are left with only the purely legal question as to whether defendants' decision not to expedite Reed's treatment (a historical fact) demonstrated that they subjectively knew that Reed's condition created a serious medical need, which they then deliberately disregarded (the legal issue).  Because Reed makes "an allegation of bad motive," *Jeffers*, 267 F.3d at 907 (emphasis omitted), but presents no evidence that defendants chose not to expedite his care in conscious disregard of his medical need, he has not raised a

3

genuine issue of material fact for his Eighth Amendment claim. We have jurisdiction in such circumstances. *See id.*

Because we have jurisdiction, we should reverse the district court on the first prong of qualified immunity. To meet the "high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), for his Eighth Amendment deliberate indifference claim, Reed must show not only that "the course of treatment [defendants] chose was medically unacceptable under the circumstances," but also that it was chosen "in conscious disregard of an excessive risk to [his] health," *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *see also Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022).

Even when drawing all reasonable inferences in Reed's favor, Reed has not met this standard. Defendants saw Reed's case file and complaints, noted his symptoms, and deferred his treatment under the 2015 protocol. Perhaps this constituted poor medical care, but "medical malpractice by itself [is] insufficient to establish a constitutional violation," meaning that neither the (arguable) provision of inadequate medical care to Reed, nor the "differences of opinion in medical treatment" between the parties' experts, are enough to sustain an Eighth Amendment claim. *Simmons*, 47 F.4th at 934; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The 2015 presentation by Strick also does not demonstrate that

she had actual knowledge that failure to expedite Reed's treatment posed a substantial risk of serious harm. Strick's general knowledge does not establish that she had actual knowledge that Reed's Hepatitis-C had progressed and that he was experiencing extrahepatic symptoms. *See Toguchi*, 391 F.3d at 1057.

Because we have jurisdiction over this case, we should determine that defendants are entitled to qualified immunity because Reed failed to raise a genuine issue of material fact that defendants violated his Eighth Amendment rights. Therefore, I dissent.