**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ROBERT B. LUTZ, MD, MPH, a married man,<br><br>      Plaintiff - Appellant,<br><br> v.<br><br>SPOKANE REGIONAL HEALTH DISTRICT, a Washington State local public health agency,<br><br>      Defendant - Appellee. | No. 25-2242<br><br>D.C. No.<br>2:22-cv-00028-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted February 26, 2026
Spokane, Washington

Before: SUNG, H.A. THOMAS, and MENDOZA, Circuit Judges.

Dr. Robert Lutz appeals the district court's grant of partial summary

judgment to the Spokane Regional Health District ("SRHD") on Lutz's procedural

due process claim. We review a grant of partial summary judgment de novo. *White*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*v. City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007). We "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005). We reverse and remand.

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). The district court reasoned that SRHD was entitled to summary judgment in its favor on Lutz's procedural due process claim because Lutz was properly terminated by a vote of the Board at the November 5 meeting. But the events of October 29 and 30 create a genuine issue of material fact as to whether Lutz was fired by SRHD's Administrative Officer, Amelia Clark, in their October 29 meeting without proper notice and an opportunity to be heard and whether the November 5 meeting was an impermissible ratification of that decision.

During their October 29 meeting, Clark allegedly told Lutz, "You're terminated, effective immediately." The draft separation agreement Clark gave Lutz at that meeting stated that he "was separated from employment effective October 29, 2020." Clark's revocation of Lutz's SRHD building keys, computer,

2                                                                                    25-2242

cell phone, and badges and alleged demand that he leave the building also communicated that he was being terminated immediately. *See Jarvis v. Janney*, 876 F. Supp. 2d 1204, 1215 (E.D. Wash. 2012) (finding evidence that employees losing access to their computers and being told to leave the premises was indicative that their terminations were "effective" at that point). After the October 29 meeting with Lutz, Clark told the SRHD Executive Leadership Team that "as of today, Dr. Lutz is no longer an employee of the Health District" and that the decision had come, in some fashion, from the Board. Clark told one SRHD employee that "I've let Bob go," and explained to an SRHD Board member that she had terminated Lutz.

The next day, October 30, SRHD issued a news release stating that the Board had requested Lutz's resignation on October 29. At a press conference, Clark responded affirmatively to a question about whether the Board "approved the resignation" of Lutz and stated that she "took [her] action yesterday with the full support of the Board."

SRHD maintains that Clark needed Board approval to terminate Lutz and Lutz understood that. The timing of the Board's approval of the termination, however, is a genuinely disputed factual issue. And even assuming the Board did not approve the termination of Lutz on October 29 and Lutz understood that Clark could not lawfully terminate him unilaterally, the issue is whether Clark

3                                                                      25-2242

nonetheless attempted to unlawfully remove Lutz from his position on October 29 and whether the November 5 meeting was an unlawful attempt to ratify that decision. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (Due process "requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 570 n.7 (1972))); *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 933 (9th Cir. 2017) ("To satisfy federal due process minimums . . . employees need only receive notice and an opportunity for a hearing before being deprived of their property interest."). As explained above, genuine issues of material fact preclude summary judgment on those issues.

**REVERSED and REMANDED.**