IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROBERT S. APGOOD, individually and as Trustee for the ROBERT S. AND NANCY B. APGOOD LIVING TRUST, | No. 85229-9-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ROGER A. PLAUTZ AND LINDA S. PLAUTZ, individually and the marital community composed thereof; JAMES S. GLENN AND JANE DOE GLENN, individually and the marital community composed thereof; and LEGACY HOME INSPECTIONS LLC, a Washington Limited Liability Company, | |
| Respondents. | |

        DÍAZ, J. — Robert Apgood purchased a home from Roger and Linda Plautz, which Apgood claims had a leaky roof.  He appeals the summary judgment dismissal of his suit against the Plautzes and their home inspector, arguing that the trial court improperly applied the independent duty doctrine to his claims against the former and erred by considering the latter's motion at all.  Because Apgood's claims against the Plautzes are barred by waiver and the home inspector owed him no legal duty, we affirm.

## I.  BACKGROUND

In August 2017, the Plautzes listed their home in Stanwood for sale.  In February 2018, the Plautzes retained James S. Glenn and Legacy Home Inspections LLC (collectively Legacy) to inspect the property and issue a report.  The report noted that the roof "appears to be a 40 year single ply type material" and "appears to be more than 20 years old," but said nothing more substantively about the roof's condition and nothing about water damage.

On May 17, 2018, Apgood and the Plautzes executed a residential real estate purchase and sale agreement (PSA) and an "Inspection Addendum to Purchase and Sale Agreement."  The latter expressly provided that it was "part of" the former.  In the addendum, Apgood initialed the following waiver clause:

> WAIVER OF INSPECTION.  Buyer has been advised to obtain a building . . . inspection, and to condition the closing of this Agreement on the results of such inspections[,] but Buyer elects to waive the right and buy the Property in its present condition.  Buyer acknowledges that the decision to waive Buyer's inspection options was based on Buyer's personal inspection and Buyer has not relied on representations by Seller, Listing Broker or Selling Broker.

The PSA also contained the following integration clause:

> This Agreement constitutes the entire understanding between the parties and supersedes all prior or contemporaneous understandings and representations. No modification of the Agreement shall be effective unless agreed in writing and signed by Buyer and Seller. . . .

The sale closed on July 2, 2018.

Before the parties signed the PSA, the Plautzes' real estate agent provided Apgood with a copy of Legacy's inspection report.  The Plautzes also provided Apgood with a seller disclosure statement (Form 17), which the Plautzes signed on February 25,

2018.  On Form 17, the Plautzes checked the box labeled "NO" in response to the following question: "Has the roof leaked within the last 5 years?"

After purchasing the home, Apgood observed signs of water damage in the living room.  In 2021, Apgood contacted a roofing company to obtain an estimate and bid.  The roofer observed significant damage to the roof and informed Apgood that he needed a complete roof replacement.  During the demolition process, the roofer found evidence of leakage and water damage.  The roofer testified that he would have expected to see this damage referenced in Legacy's report.

In December 2021, Apgood sued the Plautzes and Legacy.  Apgood alleged fraud in the inducement and negligence against the Plautzes based on their alleged failure to disclose the leaky roof and water damage.  He also alleged negligence against Legacy for "failing to perform the inspection thoroughly and completely."

On January 25, 2023, the Plautzes moved for summary judgment on Apgood's claims against them.  On February 27, 2023, Legacy responded to the Plautzes' motion and asked the court to "grant the Plautzes' [m]otion . . . and additionally grant dismissal as to Glenn/Legacy as the other Defendants in this action."  On March 16, 2023, after hearing oral argument from the parties, the trial court entered an order dismissing Apgood's claims against the Plautzes because Apgood "knowingly and voluntarily waived his right to inspect the property and his claims are barred by the Economic Loss Rule." On March 24, 2023, the trial court entered a supplemental final order dismissing Apgood's claim against Legacy because, among other reasons, Legacy owed him no duty.  The trial court later awarded fees and costs to the Plautzes based on the purchase and sale agreement.

3

Apgood timely appeals.

## II. ANALYSIS

### A. Standard of Review

We review summary judgment orders de novo, engaging in the same inquiry as the trial court. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). We view the facts and all reasonable inferences in the light most favorable to the nonmoving party. Id. "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Visser v. Craig, 139 Wn. App. 152, 157, 159 P.3d 453 (2007) (quoting CR 56(c)). "We may affirm a trial court's decision on a motion for summary judgment on any ground supported by the record." Port of Anacortes v. Frontier Indus., Inc., 9 Wn. App. 2d 885, 892, 447 P.3d 215 (2019).

### B. Plautz Dismissal

Apgood argues that the trial court erred in dismissing his fraud claim[1] on the basis of the former economic loss rule, now known as the independent duty doctrine. See Alejandre v. Bull, 159 Wn.2d 674, 681, 153 P.3d 864 (2007) (limiting recovery to contract remedies when a loss potentially implicates contract and tort relief). He points out that our Supreme Court has "repeatedly recognized a fraud claim to be outside the doctrine's scope," even in the real property context. Elcon Const., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 166, 273 P.3d 965 (2012).

---

[1] Apgood does not appeal dismissal of his negligence claim against the Plautzes.

However, we need not reach this issue because we agree with the Plautzes that Apgood's claims are barred by waiver. "The doctrine of waiver ordinarily applies to all rights or privileges to which a person is legally entitled. A waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right." McLain v. Kent Sch. Dist. No. 415, 178 Wn. App. 366, 378, 314 P.3d 366 (2013) (quoting Bowman v. Webster, 44 Wn.2d 667, 669, 269 P.2d 960 (1954)). An express waiver is governed by its own terms. Matter of Estate of Petelle, 195 Wn.2d 661, 665, 462 P.3d 848 (2020). "Ordinarily, statutory interests can be waived." Id. at 668.

Apgood asserts that he relied on the Plautzes' misrepresentations contained in Form 17 and the Legacy report in his decision to enter the PSA and in his decision to waive further inspections. He contends that the Plautzes fraudulently induced him into those decisions. But in the PSA, Apgood unequivocally elected to waive his right to condition the closing of the sale on the results of his own independent inspections, choosing instead to purchase the property "in its present condition." Apgood also expressly agreed that he "ha[d] not relied on representations by Seller, Listing Broker or Selling Broker" in deciding to waive his inspection options. And Apgood further agreed that his agreement with the Plautzes, captured in the PSA and addendum, "supersedes all prior . . . representations." Apgood's decision to intentionally and voluntarily waive his right to rely on any prior representations by the Plautzes is fatal to his fraud claim. See Cox v. O'Brien, 150 Wn. App. 24, 35, 206 P.3d 682 (2009) (plaintiffs assumed risk of structural defects by expressly waiving structural inspection); see also Jackowski v.

Borchelt, 174 Wn.2d 720, 738, 278 P.3d 1100 (2012) (to prove a fraud claim, plaintiffs must establish that they "had a right to rely on the representation" at issue).

In reply, Apgood asserts that the doctrine of waiver does not bar his claim because the seller disclosures required by RCW 64.06.020, captured in Form 17, "can only be waived when the buyer expressly waives the receipt of the seller disclosure statement," citing RCW 64.06.010(7). Apgood misunderstands RCW 64.06.010(7). That provision says nothing about a buyer's ability to waive the representations made in Form 17; rather it simply states that a seller must provide Form 17 unless the buyer expressly waives receipt. Here, Apgood did not waive his right to receive, and in fact Apgood did receive, Form 17. What matters for this case is that he then chose to expressly waive his right to rely on "all prior . . . representations."

Apgood further asserts that the inspection waiver is irrelevant to the claims he brings because the addendum is a "post-contract attachment" that was separate and "after" the PSA, which he was fraudulently induced to enter into by the misrepresentations in Form 17. But, first, the addendum expressly provided that it was "part of" the PSA and together "constitute[d] the entire understanding between the parties." Second, again, that agreement was backwards looking, and expressly "supersede[d] all prior or contemporaneous understandings and representations." Finally, Apgood's attempts to distinguish the authority above and vague allusions to violation of "public policy" are also unavailing.

For these reasons, the trial court did not err in dismissing Apgood's fraud claim against the Plautzes on the basis of waiver.

C. Legacy Dismissal

6

Apgood does not substantively challenge the trial court's order dismissing his negligence claim against Legacy on summary judgment. Instead, he argues that the order should be vacated on procedural grounds. [2]

Apgood acknowledges that a nonmoving party may obtain summary judgment under certain circumstances. See, e.g. Impecoven v. Dept. of Revenue, 120 Wn.2d 357, 365, 841 P.2d 752 (1992) (ordering entry of summary judgment in favor of the nonmoving party where the facts were not in dispute). But Apgood contends that such relief is unwarranted here because Legacy ignored the "clear protocols" of CR 56, which requires a motion to be filed and served at least 28 days prior to the hearing date. Here, it is undisputed that Legacy filed its request for summary judgment dismissal via its response to the Plautzes' motion for summary judgment less than 28 days before the hearing. Apgood further contends that summary judgment was procedurally improper because his claims against the Plautzes are legally and factually distinct from his claim against Legacy.

We agree with Legacy that summary judgment was proper because, among other reasons, the undisputed facts established that Legacy owed no duty to Apgood as a matter of law.

The purpose of summary judgment is to "avoid a useless trial." Regelbrugge v. State, 7 Wn. App. 2d 29, 37, 432 P.3d 859 (2018) (citing Preston v. Duncan, 55 Wn.2d

---

[2] Apgood argues that the issue raises a question of law that should be reviewed under the typical de novo summary judgment standard of review. Legacy contends that Apgood's claim is purely procedural and thus should be reviewed for abuse of discretion. See Sprague v. Sysco Corp., 97 Wn. App. 169, 171-172, 982 P.2d 1202 (1999) ("[d]ecisions regarding application of civil rules are reviewed for an abuse of discretion."). The result is the same under either standard.

678, 681, 349 P.2d 605 (1960)). "To prevail on a negligence claim, a plaintiff 'must show (1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4) the breach as the proximate cause of the injury.'" Ehrhart v. King County, 195 Wn.2d 388, 396, 460 P.3d 612 (2020) (quoting N.L. v. Bethel Sch. Dist., 186 Wn.2d 422, 429, 378 P.3d 162 (2016)). The "[e]xistence of a duty is a question of law." Vargas v. Inland Wash., LLC, 194 Wn.2d 720, 730, 452 P.3d 1205 (2019) (quoting Hertog ex rel. S.A.H. v. City of Seattle, 138 Wn.2d 265, 275, 979 P.2d 400 (1999)).

Here, the undisputed evidence showed Legacy had no duty to Apgood as a matter of law. The Plautzes and Legacy signed a "Pre-inspection Agreement," which states in pertinent part, "The inspection and report are performed and prepared for the sole, confidential and exclusive use and possession of the client." The final report is entitled "CONFIDENTIAL INSPECTION REPORT PREPARED FOR: Roger Plautz" and expressly specified that "[t]his report is the exclusive property of the Inspection Company and the client whose name appears herewith, and its use by any unauthorized persons is prohibited." It is undisputed that Apgood was not Legacy's client, did not receive the inspection report from Legacy, and had no contact with Legacy before the lawsuit commenced. See WAC 308-408C-020(3) (requiring the inspector to "discharge his or her duties with integrity and fidelity to the client"); WAC 308-408C-020(10) (prohibiting inspectors from disclosing information contained in the inspection report "without client approval or as required by law"). Apgood otherwise adduces no facts creating a fact issue of the existence of any duty, instead focusing on Legacy's alleged failings as an inspector and the relationship between Legacy and Plautz, which is inconsequential in the absence

8

of duty to Apgood. These facts are sufficient to affirm summary judgment dismissal of Legacy.

Apgood also argues that he was deprived of an opportunity to respond and conduct discovery as to Legacy. That should give us pause. See In re Estate of Toland, 180 Wn.2d 836, 853, 329 P.3d 878 (2014) (noting that when a reviewing court concludes that summary judgment should be granted in favor of the nonmoving party, the opposing party will often be deprived of an opportunity to respond). But Apgood was fairly apprised of Legacy's motion at least 11 days before the summary judgment hearing and filed a surreply that simply did not address the purely legal issue whether Legacy owed him a duty. Apgood, thus, had a "full and fair opportunity to ventilate the issues involved in the motion" and chose not to. In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998) (analyzing the federal counterpart to CR 56, and holding that a court may grant summary judgment without notice in such circumstances).[3]

The trial court did not err in granting summary judgment to Legacy.

D. Attorney Fees

The Plautzes and Apgood both request attorney fees on appeal pursuant to the PSA, which provides that "if Buyer or Seller institutes suit against the other concerning this Agreement the prevailing party is entitled to reasonable attorneys' fees and expenses." RAP 18.1 permits recovery of reasonable attorney fees or expenses if applicable law grants that right. We award reasonable fees and costs on appeal to the Plautzes as the prevailing party, subject to their compliance with RAP 18.1(d).

---

[3] When a state civil rule follows the federal rule, decisions interpreting the federal rule are persuasive authority. State v. Land, 121 Wn.2d 494, 497-99, 851 P.2d 678 (1993).

### III.     CONCLUSION

Affirmed.

Díaz, J.

WE CONCUR:

Chung, J.

Coburn, J.